MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
molly.lane@morganlewis.com

Attorneys for Defendant
Philips RS North America LLC

SULLIVAN & CROMWELL LLP
Michael H. Steinberg, Bar No. 134179
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone: +1.310.712.6670
Facsimile: +1.310.712.8800
steinbergm@sullcrom.com

Attorneys for Defendant
Philips North America LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELIE ZAAROUR, and ROULA ZAAROUR,<br><br>Plaintiffs,<br><br>vs.<br><br>KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>[Removed From Los Angeles County Sup. Ct. Case No. 22STCV13755]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANTS PHILIPS NORTH AMERICA LLC AND PHILIPS RS NORTH AMERICA LLC**<br><br>*[Notice of Appearance; Civil Cover Sheet; Corporate Disclosure Statement filed concurrently herewith]*<br><br>Complaint Filed: April 26, 2022<br>Complaint Served: May 2, 2022<br>Notice of<br>Removal Filed: May 31, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Philips North America LLC ("Philips North America") and Philips RS North America LLC ("Philips RS") ("Defendants" or "Philips")[1] hereby provide notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of the above-captioned case from the Superior Court of the State of California in and for the County of Los Angeles, in which it is now pending at Case No. 22STCV13755 (the "Underlying Action"), to the United States District Court for the Central District of California, and state as follows:

## I. INTRODUCTION

1. On April 26, 2022, Elie Zaarour and Roula Zaarour ("Plaintiffs") filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles, Case No. 22STCV13755 (the "Complaint"), attached as **Exhibit A, Complaint**.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendants, including the Complaint, are attached.

3. No other pleadings have been served on Defendants in this litigation.

4. By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II. FACTUAL BACKGROUND

5. Plaintiffs allege Philips manufactures and sells mechanical ventilators, Continuous Positive Airway Pressure ("CPAP"), and Bilevel Positive Airway Pressure ("BiPAP") machines. Ex. A, ¶¶ 1, 27.

---

[1] As of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action. Koninklijke Philips N.V. is a company established under the laws of The Netherlands, headquartered in Amsterdam, Netherlands, and therefore is diverse from Plaintiffs. Plaintiffs admit diversity. Ex. A, ¶ 15.

6. Plaintiffs allege that, on June 14, 2021, Philips issued a recall notification for many of its CPAP and BiPAP devices and a number of its ventilator devices, due to potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound-abatement foam used in the affected devices. *Id.* ¶¶ 3, 29.

7. Plaintiffs allege PE-PUR sound-abatement foam degradation may have negative health effects, including irritation, inflammatory response, headache, asthma, damage to organs such as the kidneys and liver, carcinogenic effects, and may cause serious injury that can be life-threatening or cause permanent impairment. *Id.* ¶¶ 31-33.

8. Plaintiff Elie Zaarour alleges he purchased and used a Philips Respironics DreamStation CPAP, allegedly manufactured by Philips (the "Recalled Device") prior to June 14, 2021. *Id.* ¶¶ 8, 41.

9. Plaintiffs allege that "Philips marketed and sold the Recalled Device into the stream of commerce with the intent that the Recalled Device would be purchased by Plaintiff." *Id.* ¶ 78.

10. Plaintiffs also allege they relied on "Philips' advertisements, warranties, representations, and omissions regarding the Recalled Device in deciding whether to purchase and use Philips' Recalled Device." *Id.* ¶ 81; *see id.* ¶ 96.

11. Moreover, Plaintiffs allege that "[t]here was a direct sale of goods from Philips to Plaintiffs[.]" *Id.* ¶ 95.

12. The Recalled Device allegedly contains PE-PUR sound-abatement foam that renders the Recalled Device worthless. *Id.* ¶¶ 28-29, 35-36, 83.

13. Plaintiffs contend that Plaintiff Elie Zaarour's use of the Recalled Device caused him to develop cancer. *Id.* ¶¶ 9, 44.

14. Plaintiffs also allege that Plaintiff Elie Zaarour was scheduled to undergo a significant medical procedure in May 2022. *Id.* ¶ 10.

15. Additionally, Plaintiffs allege that Plaintiff Elie Zaarour "experienced

significant mental and physical pain and suffering, sustained permanent injury, underwent medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages." *Id*. ¶¶ 55, 125; *see also id*. ¶¶ 65, 72, 75, 92, 101, 108, 115, 125.

16. Plaintiffs also demand damages for loss of consortium. *Id*. ¶ 128.

17. The Complaint asserts causes of action for negligent products liability, *id*. ¶¶ 51-55; strict products liability design defect, *id*. ¶¶ 56-65; strict products liability manufacturing defect, *id*. ¶¶ 66-72; strict products liability failure to warn, *id*. ¶¶ 73-76; breach of express warranty, *id*. ¶¶ 77-92; breach of implied warranty of merchantability, *id*. ¶¶ 93-101; intentional misrepresentation, *id*. ¶¶ 102-09; concealment, *id*. ¶¶ 110-16; negligent misrepresentation, *id*. ¶¶ 117-25; and loss of consortium, *id*. ¶¶ 126-28.

18. Plaintiffs demand general damages and special damages in amounts to be determined by proof at trial, in addition to interest, costs, and any other further relief as the court may deem proper. *Id*. at 24.

19. Plaintiffs do not direct any substantive allegations to Defendant SuperCare Health, Inc. ("SuperCare"), except to note that "Defendant SuperCare Health, Inc. is a California corporation that marketed, sold and distributed the recalled CPAP with its principal place of business located at 8345 Firestone Boulevard, Suite 210, Downey, California 90241." *Id*. ¶ 18.[2]

---

[2] This single, conclusory allegation is insufficient as a matter of law to state a claim against SuperCare. *See Faustino v. Alcon Lab'ys, Inc.*, 692 Fed. App'x 819, 820 (9th Cir. 2017) (affirming dismissal where complaint was "devoid of specific allegations about . . . what [defendant] did wrong"); *McSweeney v. City of Bell*, No. CV 08-7006-JFW (PLAx), 2009 WL 10700299, at *2 (C.D. Cal. Mar. 13, 2009) (dismissing claim against certain defendants where, "aside from group pleading allegations, Plaintiff has failed to allege any facts" describing defendants' roles in the conduct and noting that "Plaintiff shall not rely on group pleading allegations but shall specifically allege the conduct of each defendant that Plaintiff contends violates [the statute]"). Thus, SuperCare has been fraudulently joined and thus its citizenship would be ignored for diversity purposes. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding district court finding that plaintiff failed to state any cause of action against two forum residents and, thus, their presence was fraudulent and did not

## III. NOTICE OF REMOVAL IS TIMELY

20. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

21. Philips North America was served by personal service on May 2, 2022. **Exhibit B, Notice of Service of Process and Civil Summons for Philips North America LLC.**

22. Philips RS was served by personal service on May 2, 2022. **Exhibit C, Notice of Service of Process and Civil Summons for Philips RS North America LLC.**

23. SuperCare is fraudulently joined and, therefore, service on SuperCare is irrelevant.

24. This notice is timely because it has been filed within thirty days of service on each non-fraudulently joined and non-fictitious Defendant.

25. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

## IV. GROUNDS FOR REMOVAL

26. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district

---

destroy diversity); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [them] are made" and thus "[p]laintiff has failed to state a cause of action against them."); *Sandoval v. Bausch & Lomb., Inc.*, 2:08-cv-07373-FMC-CWx, 2008 WL 11340256, at *3 (C.D. Cal. Dec. 30, 2008) (denying remand and finding fraudulent joinder where plaintiff's "claims are brought generally and against all [d]efendants," rather than "directed specifically at" in-state defendant, and in-state defendant was not ultimately pled to be involved in development, distribution, sales, or marketing of the defective product); *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex., 2013 WL 5596122, at *1 (C.D. Cal. Oct. 8, 2013) (denying remand and finding fraudulent joinder where, "[b]esides the general use of the term 'Defendants' to encompass [the in-state defendant], only three factual allegations specifically pertain to [the in-state defendant] in [p]laintiffs' complaint," and those factual allegations failed to draw sufficient connections between in-state defendant's actions and the alleged injuries).

and division embracing the place where such action is pending."

27. The court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because, excluding the fraudulently joined defendant SuperCare,[3] this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

28. While removal is not permitted based only on diversity jurisdiction "if any of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2) (emphasis added), the doctrine of fraudulent joinder allows a federal court to disregard the citizenship of a fraudulently joined defendant when determining diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'") (citation omitted); *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 919 (C.D. Cal. 2019), *aff'd sub nom. Nunn v. Mentor Worldwide, LLC*, 847 F. App'x 373 (9th Cir. 2021).

29. As discussed below, SuperCare has been fraudulently joined because Plaintiffs have no valid cause of action against it.

30. The court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

31. Therefore, Defendants may remove this action to federal court pursuant to 28 U.S.C. § 1441(b).

---

[3] *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties.") (citations omitted).

### A. There is complete diversity of properly named parties.

32. Diversity jurisdiction "require[s] complete diversity of citizenship," i.e., "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Jacob, LLC*, 393 F. Supp. 3d at 919 ("Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000.").

33. The general rule is that diversity is determined at the time of the filing of a lawsuit, not at the time the injuries were suffered. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."); *Murphy v. Am. Gen. Life Ins. Co.*, No. ED CV14-00486 JAK SP, 2014 WL 3417606, at *2 (C.D. Cal. July 1, 2014).

#### 1. Plaintiffs are California citizens.

34. An individual is a citizen of the state in which he or she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002).

35. However, "[i]t is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citations omitted); *Cisneros Pantoja v. RAMCO Enters., L.P.*, No. 19-CV-03336-LHK, 2019 WL 5959630, at *10 (N.D. Cal. Nov. 13, 2019) ("The Court agrees with these courts and holds that a person's residence is prima facie evidence of domicile and citizenship."); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (same); *Jimenez v. Charter Commc'ns Inc.*, 2018 WL 5118492, at *3 (C.D. Cal. Oct. 19, 2018).

36. Plaintiffs state they are both residents of San Pedro, Los Angeles County, California. Ex. A, ¶¶ 13-14.

37. Thus, Plaintiffs are citizens of California.

      2.      <u>Defendant Philips RS is a citizen of Massachusetts and Delaware</u>.

38. Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania. **Exhibit D, Philips RS North America LLC Corporate Records & Business Registrations**.

*39.* As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

40. Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. **Exhibit E, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

41. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

42. Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS is also a citizen of both Delaware and Massachusetts. Philips RS is therefore a citizen of states different than Plaintiffs.

      3.      <u>Defendant Philips North America is a citizen of Delaware and Massachusetts</u>.

43. Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts. **Exhibit F, Philips North America LLC Corporate Records & Business Registrations**.

44. Philips North America is wholly owned by a single member, Philips Holding USA, Inc., a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141. **Exhibit G, Philips Holding**

**USA, Inc., Corporate Records & Business Registrations**.

45. Accordingly, because Philips Holding, Inc., is a citizen of both Delaware and Massachusetts, Philips North America is also a citizen of both Delaware and Massachusetts. Therefore, Philips North America is diverse from Plaintiffs. *See Johnson*, 437 F.3d at 899 (explaining that LLC has citizenship of its members); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of the state where it is incorporated and the state of its principal place of business).

    4.    <u>The citizenship of fictitiously named defendants is not counted toward diversity jurisdiction and is therefore irrelevant</u>.

46. Plaintiffs name DOES 1-100 as fictitiously named defendants. Ex. A, ¶¶ 19-21.

47. In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020).

48. Therefore, the citizenship of DOES 1-100 has no bearing on diversity of citizenship.

    5.    <u>SuperCare is fraudulently joined and thus its citizenship is irrelevant</u>.

49. SuperCare is fraudulently joined and the Court should ignore its citizenship.

50. Fraudulent joinder occurs when a plaintiff is unable to state a cause of action against the non-diverse party. *Morris*, 236 F.3d at 1067 ("'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' Further, the defendant 'is entitled to present

the facts showing the joinder to be fraudulent.'") (citations omitted). If the plaintiff fails to state a cause of action against a resident defendant according to the settled rules of the state, then joinder of the resident defendant is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding district court finding that plaintiff failed to state any cause of action against two forum residents mentioned in the complaint and, thus, their presence was fraudulent and did not destroy diversity).

51. Plaintiffs make only one allegation against SuperCare, alleging in a conclusory manner and under the heading "Parties and Venue," that "Defendant SuperCare Health, Inc. is a California corporation that marketed, sold and distributed the recalled CPAP with its principal place of business located at 8345 Firestone Boulevard, Suite 210, Downey, California 90241." Ex. A, ¶ 18.

52. Plaintiffs, however, directly contradict their conclusory allegation against SuperCare. Plaintiffs allege that "Philips marketed and sold the Recalled Device into the stream of commerce with the intent that the Recalled Device would be purchased by Plaintiff." *Id.* ¶ 78.

53. Plaintiffs also allege that that when Plaintiff Elie Zaaraur purchased the Recalled Device "[t]here was a ***direct sale of goods from Philips to Plaintiffs***." *Id.* ¶¶ 41, 95 (emphasis added).

54. Throughout the remainder of the Complaint, Plaintiffs direct all of their allegations either at Philips or at "defendants" generally.

55. First, a single, conclusory allegation like the one alleged by Plaintiffs is insufficient as a matter of law to state a claim against SuperCare. *See Faustino v. Alcon Lab'ys, Inc.*, 692 Fed. App'x 819, 820 (9th Cir. 2017) (affirming dismissal where complaint was "devoid of specific allegations about . . . what [defendant] did wrong"); *McSweeney v. City of Bell*, No. CV 08-7006-JFW (PLAx), 2009 WL 10700299, at *2 (C.D. Cal. Mar. 13, 2009) (dismissing claim against certain defendants where, "aside from group pleading allegations, Plaintiff has failed to

allege any facts" describing defendants' roles in the conduct and noting that "Plaintiff shall not rely on group pleading allegations but shall specifically allege the conduct of each defendant that Plaintiff contends violates [the statute]").

56. General allegations not specifically directed at the defendant are not, themselves, sufficient to state a basis for recovery under state law and thus results in fraudulent joinder. *Sandoval v. Bausch & Lomb., Inc.*, 2:08-cv-07373-FMC-CWx, 2008 WL 11340256, at *3 (C.D. Cal. Dec. 30, 2008) (denying remand and finding fraudulent joinder where plaintiff's "claims are brought generally and against all [d]efendants," rather than "directed specifically at" in-state defendant, and in-state defendant was not ultimately pled to be involved in development, distribution, sales, or marketing of the defective product); *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex., 2013 WL 5596122, at *1 (C.D. Cal. Oct. 8, 2013) (denying remand and finding fraudulent joinder where, "[b]esides the general use of the term 'Defendants' to encompass [the in-state defendant], only three factual allegations specifically pertain to [the in-state defendant] in [p]laintiffs' complaint," and those factual allegations failed to draw sufficient connections between in-state defendant's actions and the alleged injuries); *Sobol v. Hartford*, No. LACV1608579JAKPLAX, 2017 WL 3000010, at *3 (C.D. Cal. Apr. 12, 2017) (noting that defendant was fraudulently joined in part because of a lack of substantive allegations against it and dismissing that defendant as party to the suit)

57. Second, when there is no basis to show that a defendant participated in the manufacture, design, or distribution of a product in a products liability action, the plaintiff fails to state a basis of recovery and thus that defendant has been fraudulently joined. *Jacob*, 393 F. Supp. 3d at 921-22 (refusing remand and finding fraudulent joinder because defendant did not produce, manufacture, sell, or otherwise bear responsibility for the devices at-issue); *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC, No. 20-cv-06235, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021) (refusing remand and finding fraudulent joinder where plaintiff provided only

"conclusory allegations, without any supporting evidence," that defendants participated in the manufacture of the device or sale to the plaintiff in such a way to subject them to liability); *Tucker v. McKesson Corp.*, No. C 10-2981 SBA, 2011 WL 4345166, at *3 (N.D. Cal. Sept. 14, 2011); *see Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that defendant was fraudulently joined in a products liability action where it did not market or sell the product at issue to plaintiffs).[4]

58. Because Plaintiffs make only one conclusory allegation against SuperCare and the remaining general allegations are not specifically directed at SuperCare, there is not a sufficient basis for recovery under state law. Thus, SuperCare has been fraudulently joined.

59. Additionally, because Plaintiffs have not made specific allegations demonstrating that SuperCare participated in the manufacture or distribution of the Recalled Device, and specifically plead otherwise when they say that "[t]here was a direct sale of goods from Philips to Plaintiffs," there is not sufficient basis for recovery under state law. *Id*. ¶¶ 41, 95. Thus, SuperCare has been fraudulently joined.

60. Accordingly, SuperCare's citizenship is of no consequence as it is fraudulently joined because Plaintiffs cannot state a basis for recover under state law.

---

[4] *See also In re Roundup Prods. Liab. Litig.*, 2021 WL 4186714, at *2 (noting that in the multidistrict litigation context it is a common tactic for plaintiffs to fraudulently join inappropriate defendants in order to defeat diversity jurisdiction).

6. Therefore, there is complete diversity of citizenship.

61. Accordingly, there is complete diversity between the properly joined parties.

| Plaintiffs | Defendants |
| --- | --- |
| Elie Zaarour (CA) | Philips North America (DE/MA) |
| Roula Zaarour (CA) | Philips RS (DE/MA) |

**B.    The amount-in-controversy requirement is satisfied.**

62. There plainly is more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

63. Plaintiffs do not explicitly plead in the Complaint that the amount in controversy exceeds $75,000. Given the nature and extent of Plaintiffs' alleged injuries, however, the amount in controversy plainly exceeds the jurisdictional threshold.

64. Although Defendants deny liability to Plaintiffs, the nature of the case (a medical device products liability action), the harm alleged (mental and physical pain and suffering, permanent injury, cancer, financial and economic loss, lost income, and significant medical procedures, Ex. A, ¶¶ 9-10, 44, 55, 63, 65, 72, 75, 92, 101, 125), and the nature of the damages requested (general damages and special damages for past, present, and future physical and mental pain and suffering, medical expenses, economic damages, and loss of consortium, among others, *id*., at 24) clearly place more than $75,000 in controversy.

65. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citation omitted); *Rahmatullah v. Charter Commc'ns, LLC*, No. EDCV20354PSGSPX, 2020 WL 4014746, at *2 (C.D. Cal. July 15, 2020).

66. In *Hammarlund v. C.R. Bard, Incorporated*, the court concluded that

"[i]n cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015). "[B]ased on Plaintiff's allegations of a recurred umbilical hernia, small bowel obstruction, kidney damage, required surgery, permanent scarring, a four-day hospital stay, 'severe and permanent bodily injuries,' as well as 'significant mental and physical pain and suffering,' the Court finds it is still more likely than not that the amount in controversy exceeds $75,000." *Id.*; *see also Campbell v. Bridgestone/Firestone, Inc.*, No. CVIF-051499-FVS-DLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (finding amount in controversy satisfied where plaintiff allegedly suffered severe injuries and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity).

67. In *Black v. Monster Beverage Corp.*, the court found the amount-in-controversy requirement satisfied in an action for strict product liability, negligence, fraudulent concealment, and breach of implied warranties where plaintiffs sought compensatory damages for severe injuries, medical expenses, reduced earning capacity, lost wages, and loss of consortium. No. EDCV1502203MWFDTB, 2016 WL 81474, at *1 (C.D. Cal. Jan. 7, 2016).

68. The *In re: Incretin Mimetics Products Liability Litigation* court found the amount-in-controversy requirement satisfied in a products liability action where plaintiffs alleged serious injury (including cancer), and sought to recover past and future compensatory damages, medical and incidental expenses, loss of earnings and earning capacities, and future medical monitoring. No. 13MD2452 AJB (MDD), 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015).[5]

---

[5] Other courts are in agreement. *See Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (noting generally that product liability actions routinely result in verdicts in excess of $75,000); *Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 606 (S.D.W. Va. Jan. 4, 2007) (concluding that "one can easily conclude the amount in controversy is satisfied" in the context of a tort where plaintiff alleges "serious bodily injury, tremendous pain and suffering, loss of earning capacity," and "loss of ability to enjoy life"); *Fuller v. Pistorius Mach. Co.*, No. 05-6099-CV-W-

69. Similarly, Plaintiffs allege they have suffered significant mental and physical pain and suffering, permanent injuries, cancer, financial and economic injuries, loss of income, and loss of consortium, and are seeking to recover past, present, and future general damages and special damages for these injuries, including significant past and future medical expenses including for significant procedures.

70. Based on these allegations, Plaintiffs' claims, if proved, would exceed $75,000.00. Accordingly, the amount-in-controversy requirement is satisfied.

## V. VENUE

71. This lawsuit may be removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

72. The United States District Court for the Central District of California is the federal judicial district encompassing the Superior Court of the State of California in and for the County of Orange, where this suit was originally filed. 28 U.S.C. § 84(c)(2).

73. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order consolidating related class action cases and individual personal injury cases such as this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit H, Transfer Order**.

74. It is anticipated that this case will be transferred to the MDL following removal.

## VI. CONSENT

75. Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).[6]

---

FJG, 2006 WL 8438334, at *1-2 (W.D. Mo. July 21, 2006) (denying remand and finding amount in controversy satisfied in a products liability action alleging permanent injuries and damages for "for medical care and treatment, surgery and therapy, and . . . lost wages and . . . earnings capacity" because plaintiff "alleged in his petition a serious and disabling injury").

[6] Because it is fraudulently joined, SuperCare does not need to consent to removal. *See Emrich*, 846 F.2d at 1193 n.1 ("Ordinarily, under 28 U.S.C. § 1446(a), all

## VII. PROCEDURE

76. Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will be promptly filed with the Superior Court of the State of California in and for the County of Orange, as required by 28 U.S.C. § 1446(d).

77. Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII. CONCLUSION

Defendants respectfully remove this action from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California.

Respectfully submitted,

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
john.lavelle@morganlewis.com

*Of Counsel for Defendant Philips RS North America LLC*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:  +1.212.558.7375
Facsimile:  +1.212.558.3588
monahanw@sullcrom.com

*Of Counsel for Defendant Philips North America LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Molly Moriarty Lane*
Molly Moriarty Lane

*Attorneys for Defendant
Philips RS North America LLC*

**SULLIVAN & CROMWELL LLP**

By */s/ Michael H. Steinberg*
Michael H. Steinberg

*Attorneys for Defendant
Philips North America LLC*

Dated:  May 31, 2022

---

defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." (citations omitted)).

## CERTIFICATE OF SERVICE

I certify that on May 31, 2022 I filed this Notice of Removal with the Clerk of the Court by using CM/ECF system, which will send notice of electronic filing to:

George W. Ellard
Rains Lucia Stern St. Phalle & Silver, PC
2300 Contra Cosa Boulevard, Suite 500
Pleasant Hill, CA 94523
Telephone:  +1.925.609.1699
Facsimile:   +1. 925.609.1690
PersonalInjuryGroup@RLSlawyers.com

Counsel for Plaintiffs

*/s/ Molly Moriarty Lane*
Molly Moriarty Lane