MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:  +1.415.442.1000
Fax:  +1.415.442.1001
molly.lane@morganlewis.com

Attorneys for Defendant
Philips RS North America LLC

SULLIVAN & CROMWELL LLP
Michael H. Steinberg, Bar No. 134179
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone:  +1.310.712.6670
Facsimile:   +1.310.712.8800
steinbergm@sullcrom.com

Attorneys for Defendant
Philips North America LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELIE ZAAROUR, and ROULA ZAAROUR,<br><br>Plaintiffs,<br><br>vs.<br><br>KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 2:22-cv-03686-MRW<br><br>*Assigned to the Honorable Magistrate Judge Michael R. Wilner*<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MDL 3014**<br><br>[*Filed concurrently with Notice of Unopposed Motion; Exhibits; Proposed Order*]<br><br>Date: July 27, 2022<br>Time: 9:30 am<br>Place: Courtroom 550, 5th Floor |

# TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING: MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MDL NO. 3014

Defendants Philips RS North America LLC ("Philips RS") and Philips North America LLC ("Philips North America") (collectively, "Defendants"), through their undersigned counsel, respectfully move to stay all proceedings in this action, including the filing of answers, motions to dismiss, and any other pleadings by all parties, pending finalization of the order entered by the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferring this action to the multidistrict litigation currently pending before Judge Conti in the Western District of Pennsylvania, *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, Case No. 2:21-mc-01230 (W.D. Pa.) (JFC) (the "MDL"). This motion is unopposed.

The MDL resulted from the JPML's October 8, 2021 Transfer Order consolidating the substantial volume of lawsuits filed across the country making similar allegations concerning Philips RS's recall of certain sleep and respiratory care devices. The MDL court, as discussed below, entered a stay of all motions practice and responsive pleadings. *See* MDL ECF No. 4, Pretrial Order #1, ¶ 11 ("Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this court. Pending further orders of this court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.").

This action was removed by Defendants to the Central District of California on May 31, 2022 (*see* ECF No. 1). It was then identified as a tag-along action to the MDL on June 1, 2022 (*see* **Exhibit A**), and will be transferred to the MDL pursuant

to the Conditional Transfer Order issued on June 2, 2022 (*see* **Exhibit B**) once the Conditional Transfer Order becomes effective. Once transferred, this case will become part of the MDL for consolidated proceedings, where, as noted, motion practice and responsive pleadings are stayed pending further order of the MDL court.

There is good cause to issue a stay here in light of the pending transfer of this action to the MDL. To date, judges in various courts across the country have granted stays (even prior to the MDL's creation and before the issuance of Conditional Transfer Orders) based on comparable grounds to those asserted by Defendants in this motion. For instance, Chief Judge Hornak of the Western District of Pennsylvania not only entered stays in *Autry v. Koninklijke Philips N.V., et al.*, *Baughman v. Koninklijke Philips N.V., et al.*, and *Thomas v. Koninklijke Philips N.V. et al.*, but also administratively closed these cases and directed in *Thomas* that any request to lift the stay be through a Joint Status Report of the parties before the JPML issued its initial Transfer Order creating the MDL. Copies of these orders and additional stay orders are attached as **Exhibit C**.[1]

---

[1] *See* Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Autry et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00983 (W.D. Pa.) (ECF No. 16) (granting unopposed stay motion); Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Baughman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01017 (MRH) (W.D. Pa.) (ECF No. 15) (granting unopposed motion to stay); Order Granting Motion to Stay proceedings Until JPML Decision, *Thomas v. Koninklijke Philips N.V. et al.*, 2:21-cv-00874 (MRH) (W.D. Pa.) (ECF No. 19) (granting stay and administratively closing case for period of stay and requiring counsel to file a Joint Status Report for any request to lift stay). *See also, e.g.,* Order, *Ballenger v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-01085 (LCB) (N.D. Ala.) (ECF No. 5) (granting unopposed motion to stay); Order, *Elaine Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01010 (AKK) (N.D. Ala.) (ECF No. 8) (granting opposed motion to stay); Order, *Thomas Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01009 (ACA) (N.D. Ala.) (ECF No. 11) (granting unopposed motion to stay); Order, *Emmino v. Koninklijke Philips N.V., et al.*, No. 8:21-cv-01609 (MSS) (M.D. Fla.) (ECF No. 11) (granting unopposed stay motion); Order, *Farmer v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-00428 (FWV) (S.D.W. Va.) (ECF No. 11) (granting unopposed motion to stay); Order Granting Motion to Stay Pending a Ruling Regarding Consolidation from the Judicial Panel on Multidistrict Litigation, *Heller v. Koninklijke Philips N.V., et al.*, No. 4:21-cv-00111 (CDL) (M.D. Ga.) (ECF No. 21) (granting opposed stay motion); Order re: Stipulation to Stay Action Pending Decision by the Judicial Panel on Multidistrict Litigation, *Mitrovich v. Koninklijke Philips N.V. et al.*, No. 2:21-cv-05793 (DMG) (C.D. Cal.); Order Staying Case,

The circumstances warranting a stay are even more compelling here because the JPML has entered not only the October 8, 2021 Transfer Order but also the June 2, 2022 Conditional Transfer Order provisionally transferring this matter to the MDL. Indeed, Magistrate Judge Regina Edwards of the Western District of Kentucky recently granted Defendants' motion to stay proceedings under similar circumstances—even when the plaintiff there expressly *opposed* a stay—holding that absent a stay, "Defendants would be forced to litigate duplicative matters unnecessarily," expending "significant costs" and "wast[ing] time and resources." Order, *Graham v. Respironics, Inc., et al.*, No. 3:21-cv-00485 (W.D. Ky.) (ECF No. 27) (granting opposed motion to stay proceedings pending JPML's ruling on plaintiff's opposition to conditional transfer order). Judge Kristine G. Baker of the Eastern District of Arkansas also granted Defendants' motion to stay proceedings under similar circumstances, holding that "Defendants plausibly allege that they would suffer hardship and inequity if the Court does not stay the cases by having to litigate in multiple venues and receive potentially conflicting rulings. [Additionally], a stay would result in the conservation of judicial resources because of the potential that the Court expends significant time and effort on matters that will be duplicated when the action is transferred to the MDL." Order, *Handley v. Koninklijke Philips*

---

*Means v. Koninklijke Philips N.V., et al.*, No. 0:21-cv-01916 (PJS-DTS) (D. Minn.) (ECF No. 15); Order, *Powell, et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-03412 (TJS) (E.D. Pa.) (ECF No. 7) (granting unopposed motion to stay); Order Granting Unopposed Motion to Stay, *Shrack v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-00989 (CFC) (D. Del.) (ECF No. 8) (granting unopposed motion to stay); Order, *Starner v. Koninklijke Philips N.V., et al.*, No. 2:21-CV-0925 (TJS) (E.D. Pa.) (ECF No. 16) (granting unopposed motion to stay); Order, *Stewart v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01355 (EEF) (E.D. La.) (ECF No. 8) (granting unopposed motion to stay); Order, *Van Horn v. Philips N. Am. LLC, et al.*, No. 3:21-cv-00526-JAG (E.D. Va.) (ECF No. 10) (granting opposed motion to stay); Order, *Walker v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01472 (E.D. La.) (ECF No. 9) (granting unopposed motion to stay); Memorandum Order, *Bleakney v. Philips RS N. Am. LLC*, No. GD-21-009037 (W.D. Pa.) (ECF No. 10) (granting opposed motion to stay); Order Staying Case, *Heilman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00862 (MRH) (W.D. Pa.) (ECF No. 23) (granting opposed motion to stay); Order, *Graham v. Respironics, Inc., et al.*, No. 3:21-cv-00485 (W.D. Ky.) (ECF No. 27) (granting opposed motion to stay proceedings); Order, *Handley v. Koninklijke Philips N.V., et al.*, No. 4:22-cv-00220 (E.D. Ark.) (granting unopposed motion to stay).

*N.V., et al.*, No. 4:22-cv-00220 (E.D. Ark.) (ECF 6) (granting unopposed motion to stay).

Accordingly, a stay of all proceedings in this case pending the transfer of this action is warranted for judicial efficiency and to prevent inconsistent rulings on issues that should be addressed on a uniform basis in the MDL. Moreover, this action was only recently filed on April 26, 2022, and the stay will be effective only until the Conditional Transfer Order becomes effective. Thus, any delay will be short, will not prejudice any party, and is unopposed by Plaintiffs.

**BACKGROUND**

On June 14, 2021, Philips RS instituted a voluntary recall[2] of certain Continuous Positive Airway Pressure ("CPAP"), Bi-Level Positive Airway Pressure ("Bi-Level PAP"), and mechanical ventilator prescription medical devices (collectively, the "Recalled Devices"), which are used to treat certain sleep and respiratory conditions, including sleep apnea. According to the Complaint filed in this action, the Recalled Devices are equipped with a polyester-based polyurethane ("PE-PUR") sound abatement foam component that may degrade and off-gas certain chemicals over time under certain circumstances. Philips RS announced it will replace the PE-PUR foam in certain Recalled Devices with a new material as expeditiously as possible subject to required regulatory approvals.[3]

Plaintiffs allege Defendants designed and manufactured a defective CPAP machine, which resulted in Plaintiff Elie Zaarour allegedly developing cancer, which allegedly caused him to incur medical expenses and personal injuries. Complaint,

---

[2] *See* Recall Notice (June 14, 2021) at 2 ("Recall Notice"), https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html.

[3] Recall Notice at 3; *see also Philips starts repair and replacement program of first-generation DreamStation devices in the US in relation to earlier announced recall notification* (Sep. 1, 2021), https://www.philips.com/a-w/about/news/archive/standard/news/press/2021/20210901-philips-starts-repair-and-replacement-program-of-first-generation-dreamstation-devices-in-the-us-in-relation-to-earlier-announced-recall-notification.html.

Dkt. 1-1, ¶¶ 1, 27, 8-10, 44, 55, 125. Plaintiffs also bring causes of action for negligent products liability, *id*. ¶¶ 51-55; strict products liability design defect, *id*. ¶¶ 56-65; strict products liability manufacturing defect, *id*. ¶¶ 66-72; strict products liability failure to warn, *id*. ¶¶ 73-76; breach of express warranty, *id*. ¶¶ 77-92; breach of implied warranty of merchantability, *id*. ¶¶ 93-101; intentional misrepresentation, *id*. ¶¶ 102-09; concealment, *id*. ¶¶ 110-16; negligent misrepresentation, *id*. ¶¶ 117-25; and loss of consortium, *id*. ¶¶ 126-28.

Over 290 other lawsuits (with the instant action, the "Actions") making similar allegations concerning the recall and asserting similar claims have been filed against Defendants and have subsequently been consolidated into the MDL.[4] Additional such suits continue to be filed with regularity in courts across the country.

On July 7, 2021, the plaintiff in one of the Actions, *Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-2925 (TJS) (E.D. Pa.), filed a Motion for Transfer and Coordination or Consolidation (the "MDL Motion") with the JPML, requesting to centralize the Actions (and any future-filed "tag-along" actions, which includes the instant action), for coordinated pretrial discovery and proceedings in the MDL pursuant to 28 U.S.C. § 1407.[5] On October 8, 2021, the JPML granted the MDL Motion and issued an order transferring ten of the Actions to Judge Conti in the Western District of Pennsylvania for consolidated pretrial proceedings. Since then, the JPML has issued approximately 35 conditional transfer orders and has transferred over 290 additional matters to the MDL.

Judge Conti issued an initial pretrial order staying all deadlines for responsive pleadings in the MDL, an initial status conference was held on December 15, 2021, and three additional conferences have occurred as of the date of this motion. *See Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability*

---

[4] *See* MDL ECF No. 1 (Multidistrict Litigation Transfer Order), MDL ECF Nos. 2, 3, 13, 42, 49, 92, 130, 131, 142, 152, 270, 346, 364, 369, 381, 385 (Multidistrict Litigation Transfer Orders #1-15).
[5] *See In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litigation*, MDL No. 3014 (JPML filed July 7, 2021) (ECF No. 1-1).

*Litigation*, 2:21-mc-01230 (JFC) (W.D. Pa) (ECF No. 4).

On May 31, 2022, Defendants timely removed this action. This action promptly was identified as a potential tag-along action to the MDL. *See* Exhibit A. Any further proceedings in this action would be mooted by its anticipated transfer to the MDL. Thus, to promote judicial economy and avoid prejudice to any party, Defendants respectfully request a stay of all proceedings in this action. This motion is unopposed.

**ARGUMENT**

There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"—"the power to stay proceedings is incidental to [that inherent] power." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Baeza v. Baca*, 700 F. App'x 657, 658 (9th Cir. 2017); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). It is widely recognized as prudent to stay cases pending a ruling by the JPML on a motion to transfer and consolidate pending cases, especially where, as here, an MDL already has been created. *See, e.g.*, Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."); *Rivers*, 980 F. Supp. at 1362 ("Moreover, it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.") (citations omitted); *Currey v. Davol, Inc.*, No. 2:18-CV-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018) ("Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings.") (citations omitted).

When considering a motion to stay in this context, courts consider: (i) potential

prejudice to the non-moving party, (ii) hardship and inequity to the moving party if the action is not stayed, and (iii) judicial economy. *Rivers*, 980 F. Supp. at 1360; *Willems v. Johnson & Johnson*, No. CV 20-00621-CJC(JCx), 2020 WL 6140301, at *1 (C.D. Cal. Apr. 29, 2020); *see CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As noted, "courts frequently grant stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy." *Fowler v. Hamilton Med. Ctr., Inc.*, No. 4:08-CV-0055-HLM, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008).

Here, each factor weighs in favor of granting a stay. First, any stay in this action will be brief and Plaintiffs do not oppose the stay. Thus, a stay will not prejudice Plaintiffs. Second, absent a stay, Defendants will suffer substantial hardship by having to litigate duplicative matters in numerous venues and be subject to potentially conflicting rulings across the various Actions. Here, such substantial hardship would outweigh considerations of the minimal, if any, prejudice to Plaintiffs, particularly in light of Plaintiffs' non-opposition to a stay. Finally, it would be contrary to the interests of judicial economy for this Court to devote time and resources to this action before it is transferred to the MDL.

## I.    THIS UNOPPOSED REQUEST FOR A STAY WILL NOT PREJUDICE PLAINTIFFS.

This motion is unopposed. Plaintiffs will not be prejudiced because "any stay issued will likely be of very short duration, and no significant delay will result." *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, No. CIV. A. 92-1030, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992); *see also Barber v. Volkswagen Grp. of Am., Inc.* No. CV 15-1942-DOC (SPx), 2015 WL 13413345, at *2 (C.D. Cal. Nov. 30, 2015); *Willems*, 2020 WL 6140301, at *2. Courts frequently have found stays do not prejudice plaintiffs even before issuance of a decision by the JPML because such stays generally are brief. *See, e.g., Jones v. Sanofi US Servs. Inc.*, No. CV 18-8268-R, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) ("No harm should result from

a brief delay while the JPML decides whether to transfer this case. In fact, a stay might help Plaintiffs avoid unnecessary effort and expense, including the costs of pretrial motion practice and discovery in this Court that may prove unnecessary if the case is transferred."); *Addison v. DIRECTV, Inc.*, No. CV 13-08109-AB (Ex), 2014 WL 12855831, at *2 (C.D. Cal. Nov. 14, 2014) ("[A]ny stay pending resolution of the MDL determination will almost certainly be short-lived, lasting only until the JPML decides the motion one way or another"); *Fowler*, 2008 WL 11336192, at *2 ("[B]ased on the Court's own experience with the JPML, the JPML likely will rule on the pending motions to transfer within the next two to three months. Plaintiffs . . . will suffer little, if any, prejudice from such a short stay").

Accordingly, Plaintiffs will not be prejudiced by a short stay of these proceedings pending finalization of the Conditional Transfer Order transferring this case to the MDL. *See* Multidistrict Litigation Manual § 4:27 (2014 ed.) ("In most cases the Panel decides the matter before it within a short period."); *Willems*, 2020 WL 6140301, at *2 (granting stay and finding no "meaningful prejudice to [p]laintiffs that would result from a temporary stay" and that "any delay is likely to be minimal"); *Barber*, 2015 WL 13413345, at *2 (granting stay and finding "a stay here would cause minimal prejudice to the parties" where "the MDL Panel is set to conduct hearings . . . and will likely make its decision soon after"); *Sanofi*, 2018 WL 6842605, at *1 ("No harm shall result from a brief delay while the JPML decides whether to transfer this case. In fact, a stay might help [p]laintiffs avoid unnecessary effort and expense, including the costs of pretrial motion practice and discovery in this Court that may prove unnecessary if the case is transferred.").

Furthermore, a stay of proceedings in this case is appropriate because "this action is in its extremely early stages, so neither party has expended considerable resources litigating before this Court." *Willems*, 2020 WL 6140301, at *2; *Barber*, 2015 WL 13413345, at *2 (granting stay where cases "are still in their nascent stages and the stay will likely not be for a significant period of time"); *Currey*, 2018 WL

2538724, at *2 (granting stay and finding "Plaintiff faces no unfair prejudice from the requested stay" where "[t]his case is still in its infancy" and "Defendants have not responded to the Complaint"); *see also* Order, *Handley v. Koninklijke Philips N.V., et al.*, No. 4:22-cv-00220 (E.D. Ark.) (ECF 6) ("Any stay in this action will be brief, and the Plaintiff . . . does not oppose the stay; neither party will be prejudiced if the Court stays the case.").

"Even if a temporary stay" could "be characterized as a delay prejudicial to Plaintiffs" notwithstanding their non-opposition, as discussed below, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, No. 90-Civ-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991). A stay is appropriate where, as here, the interests of judicial economy and the threat of inconsistent rulings outweigh any potential prejudice to plaintiff. *Currey*, 2018 WL 2538724, at *2; *see also Am. Seafood, Inc.*, 1992 WL 102762, at *2.

Here, any potential concerns about prejudice to Plaintiffs are offset because the Complaint was only recently filed, Plaintiffs do not oppose the stay, courts routinely have granted such stays, and the MDL court has imposed an overall stay of motions practice and responsive pleadings to enable all of the related cases to proceed in an orderly fashion. *See* MDL ECF No. 4, Pretrial Order #1, ¶ 11.

## II. DEFENDANTS WILL SUFFER HARM ABSENT A STAY.

If this action is not stayed, Defendants will be prejudiced by having to litigate duplicative matters in numerous venues. The JPML already has granted the MDL motion and centralized over 290 actions in the Western District of Pennsylvania, and conditionally transferred this matter to the Western District of Pennsylvania as well. Forcing Defendants to incur significant costs in responding to the Complaint in this action or any other pleadings, notwithstanding the likelihood of transfer of this action and the filing of a superseding consolidated complaint in the MDL, while simultaneously attending to the MDL proceeding and serially litigating, would defeat

the efficiency that MDL proceedings were designed to achieve.  *See* Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases."); *Sanofi*, 2018 WL 6842605, at *2 ("[Defendant] would suffer 'hardship and inequity' in the absence of a stay. It would be forced to conduct duplicative discovery and motion practice, and it would face the prospect of inconsistent rulings if it were forced to litigate the same issues in multiple forums."); *Willems*, 2020 WL 6140301, at *2 ("Defendants would be unnecessarily burdened if this action is not temporarily stayed. . . . If various plaintiffs are allowed to proceed on their claims against Defendants in different forums across the country, Defendants will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings.  This result enhances the risk of conflicting rulings and runs contrary to the purpose of multidistrict litigation."); *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (granting stay to "prevent duplicative pretrial practice in the likely event that the case is definitively transferred").

Absent a stay, Defendants also will suffer the prejudice of having to litigate potentially conflicting rulings in this action and the MDL matter.  *See Sanofi*, 2018 WL 6842605, at *2 (granting stay and finding defendant "would face the prospect of inconsistent rulings if it were forced to litigate the same issues in multiple forums"); *Willems*, 2020 WL 6140301, at *2; *Barber*, 2015 WL 13413345, at *3 (granting stay, in part, out of "concern for . . . conflicting rulings"); Order, *Handley v. Koninklijke Philips N.V., et al.*, No. 4:22-cv-00220 (E.D. Ark.) (ECF 6) ("Defendants plausibly allege that they would suffer hardship and inequity if the Court does not stay the cases by having to litigation in multiple venues and receive potentially conflicting rulings."). Thus, Defendants have filed, and will continue to file, similar stay motions in other tag-along Actions—to enable the JPML to rule and the MDL Court to

oversee matters in an orderly manner.

## III.     A STAY WILL CONSERVE JUDICIAL RESOURCES.

Finally, the requested unopposed stay will conserve judicial resources. "[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved." *Pennsylvania ex rel. Kane*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) (citation omitted); *see Rivers,* 980 F. Supp. at 1362 (finding a stay would "serve the interests of judicial economy"); *Sanofi*, 2018 WL 6842605, at *2 (finding a stay "would conserve judicial resources" because and avoid court "needlessly expend[ing] its energies familiarizing itself with the intricacies of a case that would be heard by another judge") (citation omitted); *Willems*, 2020 WL 6140301, at *2 (same); *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("There is simply no reason for this Court to expend its time and energy on [this action] until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court.").

Indeed, given the proceedings concerning transfer of this action to the MDL and Judge Conti's scheduling order in the MDL that will govern if this case is transferred, it would be inefficient to have this Court consider an answer, motion to dismiss, or other pleading with respect to the existing Complaint in this action when such pleadings would be rendered moot after the transfer. "[A] stay would conserve judicial resources" because, "[i]f the case continues here and the JPML later finalizes its decision to transfer it, this Court will have 'needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.'" *Sanofi*, 2018 WL 6842605, at *2 (citation omitted); *Dellutri v. McKesson Corp.*, No. CV 16-8124-R, 2017 WL 8161081, at *2 (C.D. Cal. Jan. 23, 2017) ("Were this Court to deny a stay and rule on pending motions, the risk for duplicative rulings would increase.") (citation omitted); Order, *Handley v. Koninklijke Philips N.V., et*

*al.*, No. 4:22-cv-00220 (E.D. Ark.) (ECF 6) ("[A] stay would result in the conservation judicial resources because of the potential that the Court expends significant time and effort on matters that will be duplicated when the action is transferred to the MDL").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant this Unopposed Motion and enter an order staying all proceedings in this action until the JPML has transferred this action to the MDL.

| | |
|---|---|
| John P. Lavelle, Jr.<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>Telephone: +1.215.963.5000<br>Facsimile: +1.215.963.5001<br>john.lavelle@morganlewis.com<br><br>*Of Counsel for Defendant Philips RS North America LLC* | Respectfully submitted,<br><br>**MORGAN, LEWIS & BOCKIUS LLP**<br><br>By */s/ Molly Moriarty Lane*<br>    Molly Moriarty Lane<br><br>*Attorneys for Defendant<br>Philips RS North America LLC* |
| William B. Monahan<br>**SULLIVAN & CROMWELL LLP**<br>125 Broad Street<br>New York, NY 10004-2498<br>Telephone: +1.212.558.7375<br>Facsimile: +1.212.558.3588<br>monahanw@sullcrom.com<br><br>*Of Counsel for Defendant Philips North America LLC* | **SULLIVAN & CROMWELL LLP**<br><br>By */s/ Michael H. Steinberg*<br>    Michael H. Steinberg<br><br>*Attorneys for Defendant<br>Philips North America LLC* |

Dated: June 7, 2022