# Exhibit A

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND VENTILATOR LITIGATION | MDL Docket No. 3014 |

## NOTICE OF POTENTIAL TAG-ALONG ACTION

In accordance with Rule 7.1(a) of the Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation ("JPML"), Defendants Philips North America LLC, Philips RS North America LLC, Respironics, Inc. and Philips Holding USA, Inc., write to notify you of the potential "tag-along" action listed on the attached Schedule of Action.

The docket sheet and complaint are attached hereto.

Dated:  June 1, 2022

Respectfully Submitted,

/s/ *John P. Lavelle, Jr.*
John P. Lavelle, Jr.
john.lavelle@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*Counsel for Defendants Philips RS North
America LLC and Respironics, Inc.*

/s/ *Michael H. Steinberg*
Michael H. Steinberg
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel. 310.712.6670
steinbergm@sullcrom.com

*Counsel for Defendants Philips North
America LLC and Philips Holding USA, Inc.*

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND VENTILATOR LITIGATION | MDL Docket No. 3014 |

## SCHEDULE OF POTENTIAL TAG-ALONG ACTION

| | Plaintiff(s) | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| 1. | Elie and Roula Zaarour | Koninklijke Philips N.V.; Philips North America LLC; Philips RS North America, LLC; Supercare Health, Inc. | C.D. California | 2:22-cv-03686 | Not yet assigned |

1

### BEFORE THE UNITED STATES JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND VENTILATOR LITIGATION | MDL Docket No. 3014 |

### <u>PROOF OF SERVICE</u>

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial

Panel on Multidistrict Litigation ("JPML"), I hereby certify that on June 1, 2022, a true and correct

copy of the foregoing Notice of Potential Tag-Along Action was served on all parties electronically

via the JPML's CM/ECF system.  I further certify that I caused the foregoing to be mailed via the

U.S. Mail or e-mail to the recipients identified on the attached Service List.

Dated:  June 1, 2022                    Respectfully Submitted,

/s/ *John P. Lavelle, Jr.*
John P. Lavelle, Jr.
john.lavelle@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*Counsel for Defendants Philips RS North*
*America LLC and Respironics, Inc.*

/s/ *Michael H. Steinberg*
Michael H. Steinberg
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel. 310.712.6670
steinbergm@sullcrom.com

*Counsel for Defendants Philips North*
*America LLC and Philips Holding USA, Inc.*

**SERVICE LIST**

| Plaintiff(s): | Counsel for Plaintiff(s): |
|---|---|
| Barnes, Mark Bradley | Corey J. Hebert<br>Thompson, d'Entremont, Robin & Hebert, LLC<br>2161 Quail Run Drive, Suite A<br>Baton Rouge, LA  70808<br>corey@thompsonlawbr.com |
| Castay Jr., James J. and Marybeth | John R. Walker<br>Thomas H. Huval<br>Jones Fussell L.L.P.<br>P.O. Box 1810<br>Covington, LA  70434<br>johnwalker@jonesfussell.com<br>thuval@jonesfussell.com |
| Zaarour, Elie and Roula | George W. Ellard<br>Rains Lucia Stern St. Phalle & Silver, PC<br>2300 Contra Costa Boulevard, Suite 500<br>Pleasant Hill, CA  94523<br>PersonalInjuryGroup@RLSlawyers.com |

1

Philips Center
Amstelplein 2
1096 BC Amsterdam
The Netherlands

**Koninklijke Philips N.V.**

SuperCare Health, Inc.
8345 Firestone Boulevard
Suite 210
Downey, CA  90241

**SuperCare Health, Inc.**

2

Query    Reports    Utilities    Help    Log Out

ACCO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:22-cv-03686

| | |
|---|---|
| Zaarour et al v. KONINKLIJKE PHILIPS N.V. et al | Date Filed: 05/31/2022 |
| Assigned to: | Jury Demand: None |
| Case in other court: Los Angeles Superior Court, 22STCV13755 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1332 Diversity-Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**Elie Zaarour**                             represented by **Elie Zaarour**
                                                            PRO SE

**Plaintiff**

**Roula Zaarour**                            represented by **Roula Zaarour**
                                                            PRO SE

V.

**Defendant**

**KONINKLIJKE PHILIPS N.V.**

**Defendant**

**Philips North America LLC**                represented by **Molly Moriarty Lane**
                                                            Morgan Lewis and Bockius LLP
                                                            One Market
                                                            Spear Street Tower
                                                            San Francisco, CA 94105-1126
                                                            415-442-1000
                                                            Fax: 415-442-1001
                                                            Email: molly.lane@morganlewis.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Philips RS North America LLC**             represented by **Molly Moriarty Lane**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Supercare Health, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2022 | 1 | NOTICE filed by Defendants Philips North America LLC, Philips RS North America LLC. *NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT* |

| | | *COURT BY DEFENDANTS PHILIPS NORTH AMERICA LLC AND PHILIPS RS NORTH AMERICA LLC* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Lane, Molly) (Entered: 05/31/2022) |
| 05/31/2022 | 2 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number 22STCV13755 Receipt No: ACACDC-33384851 - Fee: $402, filed by DEFENDANTS Philips North America LLC, Philips RS North America LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (Attorney Molly Moriarty Lane added to party Philips North America LLC(pty:dft), Attorney Molly Moriarty Lane added to party Philips RS North America LLC(pty:dft)) (Lane, Molly) (Entered: 05/31/2022) |
| 05/31/2022 | 3 | CIVIL COVER SHEET filed by Defendant Philips RS North America LLC. (Lane, Molly) (Entered: 05/31/2022) |
| 05/31/2022 | 4 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Philips RS North America LLC identifying KONINKLIJKE PHILIPS N.V. as Corporate Parent. (Lane, Molly) (Entered: 05/31/2022) |
| 05/31/2022 | 5 | NOTICE of Appearance filed by attorney Molly Moriarty Lane on behalf of Defendant Philips RS North America LLC (Lane, Molly) (Entered: 05/31/2022) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/01/2022 06:11:56 | | |
| **PACER Login:** | ml001100 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-03686 End date: 6/1/2022 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1  MORGAN, LEWIS & BOCKIUS LLP
   Molly Moriarty Lane, Bar No. 149206
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1596
3  Tel:   +1.415.442.1000
   Fax:  +1.415.442.1001
4  molly.lane@morganlewis.com

5  Attorneys for Defendant
   Philips RS North America LLC
6

7  SULLIVAN & CROMWELL LLP
   Michael H. Steinberg, Bar No. 134179
8  1888 Century Park East
   Los Angeles, CA  90067-1725
9  Telephone:  +1.310.712.6670
   Facsimile:   +1.310.712.8800
   steinbergm@sullcrom.com
10
   Attorneys for Defendant
11 Philips North America LLC

12

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

16

| | |
|---|---|
| 17  ELIE ZAAROUR, and ROULA ZAAROUR, | Case No. |
| 18 | [Removed From Los Angeles County Sup. Ct. Case No. 22STCV13755] |
| 19          Plaintiffs, | |
| 20        vs. | **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANTS PHILIPS NORTH AMERICA LLC AND PHILIPS RS NORTH AMERICA LLC** |
| 21  KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, INCLUSIVE, | |
| 22 | |
| 23          Defendants. | *[Notice of Appearance; Civil Cover Sheet; Corporate Disclosure Statement filed concurrently herewith]* |
| 24 | |
| 25 | Complaint Filed:    April 26, 2022 |
| 26 | Complaint Served: May 2, 2022<br>Notice of |
| 27 | Removal Filed:       May 31, 2022 |

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

Memorandum - p. 22

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendants Philips North America LLC ("Philips North America") and Philips RS North America LLC ("Philips RS") ("Defendants" or "Philips")[1] hereby provide notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of the above-captioned case from the Superior Court of the State of California in and for the County of Los Angeles, in which it is now pending at Case No. 22STCV13755 (the "Underlying Action"), to the United States District Court for the Central District of California, and state as follows:

## I.    INTRODUCTION

1.    On April 26, 2022, Elie Zaarour and Roula Zaarour ("Plaintiffs") filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles, Case No. 22STCV13755 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendants, including the Complaint, are attached.

3.    No other pleadings have been served on Defendants in this litigation.

4.    By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II.    FACTUAL BACKGROUND

5.    Plaintiffs allege Philips manufactures and sells mechanical ventilators, Continuous Positive Airway Pressure ("CPAP"), and Bilevel Positive Airway Pressure ("BiPAP") machines.  Ex. A, ¶¶ 1, 27.

---

[1] As of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action.  Koninklijke Philips N.V. is a company established under the laws of The Netherlands, headquartered in Amsterdam, Netherlands, and therefore is diverse from Plaintiffs.  Plaintiffs admit diversity.  Ex. A, ¶ 15.

6.      Plaintiffs allege that, on June 14, 2021, Philips issued a recall notification for many of its CPAP and BiPAP devices and a number of its ventilator devices, due to potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound-abatement foam used in the affected devices. *Id*. ¶¶ 3, 29.

7.      Plaintiffs allege PE-PUR sound-abatement foam degradation may have negative health effects, including irritation, inflammatory response, headache, asthma, damage to organs such as the kidneys and liver, carcinogenic effects, and may cause serious injury that can be life-threatening or cause permanent impairment. *Id*. ¶¶ 31-33.

8.      Plaintiff Elie Zaarour alleges he purchased and used a Philips Respironics DreamStation CPAP, allegedly manufactured by Philips (the "Recalled Device") prior to June 14, 2021. *Id*. ¶¶ 8, 41.

9.      Plaintiffs allege that "Philips marketed and sold the Recalled Device into the stream of commerce with the intent that the Recalled Device would be purchased by Plaintiff." *Id*. ¶ 78.

10.     Plaintiffs also allege they relied on "Philips' advertisements, warranties, representations, and omissions regarding the Recalled Device in deciding whether to purchase and use Philips' Recalled Device." *Id*. ¶ 81; *see id*. ¶ 96.

11.     Moreover, Plaintiffs allege that "[t]here was a direct sale of goods from Philips to Plaintiffs[.]" *Id*. ¶ 95.

12.     The Recalled Device allegedly contains PE-PUR sound-abatement foam that renders the Recalled Device worthless. *Id*. ¶¶ 28-29, 35-36, 83.

13.     Plaintiffs contend that Plaintiff Elie Zaarour's use of the Recalled Device caused him to develop cancer. *Id*. ¶¶ 9, 44.

14.     Plaintiffs also allege that Plaintiff Elie Zaarour was scheduled to undergo a significant medical procedure in May 2022. *Id*. ¶ 10.

15.     Additionally, Plaintiffs allege that Plaintiff Elie Zaarour "experienced

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF REMOVAL

Memorandum - p. 24

significant mental and physical pain and suffering, sustained permanent injury, underwent medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages." *Id.* ¶¶ 55, 125; *see also id.* ¶¶ 65, 72, 75, 92, 101, 108, 115, 125.

16.     Plaintiffs also demand damages for loss of consortium. *Id.* ¶ 128.

17.     The Complaint asserts causes of action for negligent products liability, *id.* ¶¶ 51-55; strict products liability design defect, *id.* ¶¶ 56-65; strict products liability manufacturing defect, *id.* ¶¶ 66-72; strict products liability failure to warn, *id.* ¶¶ 73-76; breach of express warranty, *id.* ¶¶ 77-92; breach of implied warranty of merchantability, *id.* ¶¶ 93-101; intentional misrepresentation, *id.* ¶¶ 102-09; concealment, *id.* ¶¶ 110-16; negligent misrepresentation, *id.* ¶¶ 117-25; and loss of consortium, *id.* ¶¶ 126-28.

18.     Plaintiffs demand general damages and special damages in amounts to be determined by proof at trial, in addition to interest, costs, and any other further relief as the court may deem proper. *Id.* at 24.

19.     Plaintiffs do not direct any substantive allegations to Defendant SuperCare Health, Inc. ("SuperCare"), except to note that "Defendant SuperCare Health, Inc. is a California corporation that marketed, sold and distributed the recalled CPAP with its principal place of business located at 8345 Firestone Boulevard, Suite 210, Downey, California 90241." *Id.* ¶ 18.[2]

---

[2] This single, conclusory allegation is insufficient as a matter of law to state a claim against SuperCare. *See Faustino v. Alcon Lab'ys, Inc.*, 692 Fed. App'x 819, 820 (9th Cir. 2017) (affirming dismissal where complaint was "devoid of specific allegations about . . . what [defendant] did wrong"); *McSweeney v. City of Bell*, No. CV 08-7006-JFW (PLAx), 2009 WL 10700299, at *2 (C.D. Cal. Mar. 13, 2009) (dismissing claim against certain defendants where, "aside from group pleading allegations, Plaintiff has failed to allege any facts" describing defendants' roles in the conduct and noting that "Plaintiff shall not rely on group pleading allegations but shall specifically allege the conduct of each defendant that Plaintiff contends violates [the statute]"). Thus, SuperCare has been fraudulently joined and thus its citizenship should be ignored for diversity purposes. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding district court finding that plaintiff failed to state any cause of action against two forum residents and, thus, their presence was fraudulent and did not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                                          NOTICE OF REMOVAL

Memorandum - p. 25

### III. NOTICE OF REMOVAL IS TIMELY

20.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

21.    Philips North America was served by personal service on May 2, 2022. **Exhibit B, Notice of Service of Process and Civil Summons for Philips North America LLC.**

22.    Philips RS was served by personal service on May 2, 2022. **Exhibit C, Notice of Service of Process and Civil Summons for Philips RS North America LLC.**

23.    SuperCare is fraudulently joined and, therefore, service on SuperCare is irrelevant.

24.    This notice is timely because it has been filed within thirty days of service on each non-fraudulently joined and non-fictitious Defendant.

25.    Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

### IV. GROUNDS FOR REMOVAL

26.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district

destroy diversity); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [them] are made" and thus "[p]laintiff has failed to state a cause of action against them."); *Sandoval v. Bausch & Lomb., Inc.*, 2:08-cv-07373-FMC-CWx, 2008 WL 11340256, at *3 (C.D. Cal. Dec. 30, 2008) (denying remand and finding fraudulent joinder where plaintiff's "claims are brought generally and against all [d]efendants," rather than "directed specifically at" in-state defendant, and in-state defendant was not ultimately pled to be involved in development, distribution, sales, or marketing of the defective product); *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex., 2013 WL 5596122, at *1 (C.D. Cal. Oct. 8, 2013) (denying remand and finding fraudulent joinder where, "[b]esides the general use of the term 'Defendants' to encompass [the in-state defendant], only three factual allegations specifically pertain to [the in-state defendant] in [p]laintiffs' complaint," and those factual allegations failed to draw sufficient connections between in-state defendant's actions and the alleged injuries).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF REMOVAL

Memorandum - p. 26

and division embracing the place where such action is pending."

27.     The court has original subject-matter jurisdiction under 28 U.S.C. §
1332, diversity jurisdiction, because, excluding the fraudulently joined defendant
SuperCare,[3] this is a civil action between citizens of different states and the amount
in controversy exceeds $75,000.

28.     While removal is not permitted based only on diversity jurisdiction "if
any of the parties in interest *properly joined* and served as defendants is a citizen of
the State in which such action is brought," 28 U.S.C. § 1441(b)(2) (emphasis added),
the doctrine of fraudulent joinder allows a federal court to disregard the citizenship
of a fraudulently joined defendant when determining diversity jurisdiction.  *Morris
v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-
diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit
is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause
of action against a resident defendant, and the failure is obvious according to the
settled rules of the state.'") (citation omitted); *Jacob v. Mentor Worldwide, LLC*, 393
F. Supp. 3d 912, 919 (C.D. Cal. 2019), *aff'd sub nom. Nunn v. Mentor Worldwide,
LLC*, 847 F. App'x 373 (9th Cir. 2021).

29.     As discussed below, SuperCare has been fraudulently joined because
Plaintiffs have no valid cause of action against it.

30.     The court has original subject-matter jurisdiction under 28 U.S.C. §
1332, diversity jurisdiction, because this is a civil action between citizens of different
states and the amount in controversy exceeds $75,000.

31.     Therefore, Defendants may remove this action to federal court pursuant
to 28 U.S.C. § 1441(b).

---

[3] *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)
("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in
the petition for removal, except for nominal, unknown or fraudulently joined
parties.") (citations omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                                      NOTICE OF REMOVAL

Memorandum - p. 27

### A.     <u>There is complete diversity of properly named parties.</u>

32.     Diversity jurisdiction "require[s] complete diversity of citizenship," i.e., "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Jacob, LLC*, 393 F. Supp. 3d at 919 ("Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000.").

33.     The general rule is that diversity is determined at the time of the filing of a lawsuit, not at the time the injuries were suffered. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."); *Murphy v. Am. Gen. Life Ins. Co.*, No. ED CV14-00486 JAK SP, 2014 WL 3417606, at *2 (C.D. Cal. July 1, 2014).

### 1.     <u>Plaintiffs are California citizens.</u>

34.     An individual is a citizen of the state in which he or she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002).

35.     However, "[i]t is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citations omitted); *Cisneros Pantoja v. RAMCO Enters., L.P.*, No. 19-CV-03336-LHK, 2019 WL 5959630, at *10 (N.D. Cal. Nov. 13, 2019) ("The Court agrees with these courts and holds that a person's residence is prima facie evidence of domicile and citizenship."); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (same); *Jimenez v. Charter Commc'ns Inc.*, 2018 WL 5118492, at *3 (C.D. Cal. Oct. 19, 2018).

36.     Plaintiffs state they are both residents of San Pedro, Los Angeles County, California. Ex. A, ¶¶ 13-14.

37.     Thus, Plaintiffs are citizens of California.

2.     Defendant Philips RS is a citizen of Massachusetts and Delaware.

38.     Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania.  **Exhibit D, Philips RS North America LLC Corporate Records & Business Registrations**.

*39.*     As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

40.     Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141.  **Exhibit E, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

41.     For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

42.     Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS is also a citizen of both Delaware and Massachusetts.  Philips RS is therefore a citizen of states different than Plaintiffs.

3.     Defendant Philips North America is a citizen of Delaware and Massachusetts.

43.     Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts.  **Exhibit F, Philips North America LLC Corporate Records & Business Registrations**.

44.     Philips North America is wholly owned by a single member, Philips Holding USA, Inc., a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit G, Philips Holding**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**USA, Inc., Corporate Records & Business Registrations**.

45.     Accordingly, because Philips Holding, Inc., is a citizen of both Delaware and Massachusetts, Philips North America is also a citizen of both Delaware and Massachusetts. Therefore, Philips North America is diverse from Plaintiffs. *See Johnson*, 437 F.3d at 899 (explaining that LLC has citizenship of its members); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of the state where it is incorporated and the state of its principal place of business).

4.     The citizenship of fictitiously named defendants is not counted toward diversity jurisdiction and is therefore irrelevant.

46.     Plaintiffs name DOES 1-100 as fictitiously named defendants.  Ex. A, ¶¶ 19-21.

47.     In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc*., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Goldsmith v. CVS Pharmacy, Inc*., No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020).

48.     Therefore, the citizenship of DOES 1-100 has no bearing on diversity of citizenship.

5.     SuperCare is fraudulently joined and thus its citizenship is irrelevant.

49.     SuperCare is fraudulently joined and the Court should ignore its citizenship.

50.     Fraudulent joinder occurs when a plaintiff is unable to state a cause of action against the non-diverse party. *Morris*, 236 F.3d at 1067 ("'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' Further, the defendant 'is entitled to present

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

NOTICE OF REMOVAL

Memorandum - p. 30

the facts showing the joinder to be fraudulent.'") (citations omitted). If the plaintiff fails to state a cause of action against a resident defendant according to the settled rules of the state, then joinder of the resident defendant is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding district court finding that plaintiff failed to state any cause of action against two forum residents mentioned in the complaint and, thus, their presence was fraudulent and did not destroy diversity).

51.     Plaintiffs make only one allegation against SuperCare, alleging in a conclusory manner and under the heading "Parties and Venue," that "Defendant SuperCare Health, Inc. is a California corporation that marketed, sold and distributed the recalled CPAP with its principal place of business located at 8345 Firestone Boulevard, Suite 210, Downey, California 90241." Ex. A, ¶ 18.

52.     Plaintiffs, however, directly contradict their conclusory allegation against SuperCare. Plaintiffs allege that "Philips marketed and sold the Recalled Device into the stream of commerce with the intent that the Recalled Device would be purchased by Plaintiff." *Id.* ¶ 78.

53.     Plaintiffs also allege that that when Plaintiff Elie Zaaraur purchased the Recalled Device "[t]here was a ***direct sale of goods from Philips to Plaintiffs***." *Id.* ¶¶ 41, 95 (emphasis added).

54.     Throughout the remainder of the Complaint, Plaintiffs direct all of their allegations either at Philips or at "defendants" generally.

55.     First, a single, conclusory allegation like the one alleged by Plaintiffs is insufficient as a matter of law to state a claim against SuperCare. *See Faustino v. Alcon Lab'ys, Inc.*, 692 Fed. App'x 819, 820 (9th Cir. 2017) (affirming dismissal where complaint was "devoid of specific allegations about . . . what [defendant] did wrong"); *McSweeney v. City of Bell*, No. CV 08-7006-JFW (PLAx), 2009 WL 10700299, at *2 (C.D. Cal. Mar. 13, 2009) (dismissing claim against certain defendants where, "aside from group pleading allegations, Plaintiff has failed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

NOTICE OF REMOVAL

Memorandum - p. 31

allege any facts" describing defendants' roles in the conduct and noting that "Plaintiff shall not rely on group pleading allegations but shall specifically allege the conduct of each defendant that Plaintiff contends violates [the statute]").

56.     General allegations not specifically directed at the defendant are not, themselves, sufficient to state a basis for recovery under state law and thus results in fraudulent joinder. *Sandoval v. Bausch & Lomb., Inc.*, 2:08-cv-07373-FMC-CWx, 2008 WL 11340256, at *3 (C.D. Cal. Dec. 30, 2008) (denying remand and finding fraudulent joinder where plaintiff's "claims are brought generally and against all [d]efendants," rather than "directed specifically at" in-state defendant, and in-state defendant was not ultimately pled to be involved in development, distribution, sales, or marketing of the defective product); *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex., 2013 WL 5596122, at *1 (C.D. Cal. Oct. 8, 2013) (denying remand and finding fraudulent joinder where, "[b]esides the general use of the term 'Defendants' to encompass [the in-state defendant], only three factual allegations specifically pertain to [the in-state defendant] in [p]laintiffs' complaint," and those factual allegations failed to draw sufficient connections between in-state defendant's actions and the alleged injuries); *Sobol v. Hartford*, No. LACV1608579JAKPLAX, 2017 WL 3000010, at *3 (C.D. Cal. Apr. 12, 2017) (noting that defendant was fraudulently joined in part because of a lack of substantive allegations against it and dismissing that defendant as party to the suit)

57.     Second, when there is no basis to show that a defendant participated in the manufacture, design, or distribution of a product in a products liability action, the plaintiff fails to state a basis of recovery and thus that defendant has been fraudulently joined. *Jacob*, 393 F. Supp. 3d at 921-22 (refusing remand and finding fraudulent joinder because defendant did not produce, manufacture, sell, or otherwise bear responsibility for the devices at-issue); *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC, No. 20-cv-06235, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021) (refusing remand and finding fraudulent joinder where plaintiff provided only

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

NOTICE OF REMOVAL

Memorandum - p. 32

"conclusory allegations, without any supporting evidence," that defendants participated in the manufacture of the device or sale to the plaintiff in such a way to subject them to liability); *Tucker v. McKesson Corp.*, No. C 10-2981 SBA, 2011 WL 4345166, at *3 (N.D. Cal. Sept. 14, 2011); *see Vu v. Ortho–McNeil Pharm., Inc*., 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that defendant was fraudulently joined in a products liability action where it did not market or sell the product at issue to plaintiffs).[4]

58. Because Plaintiffs make only one conclusory allegation against SuperCare and the remaining general allegations are not specifically directed at SuperCare, there is not a sufficient basis for recovery under state law. Thus, SuperCare has been fraudulently joined.

59. Additionally, because Plaintiffs have not made specific allegations demonstrating that SuperCare participated in the manufacture or distribution of the Recalled Device, and specifically plead otherwise when they say that "[t]here was a direct sale of goods from Philips to Plaintiffs," there is not sufficient basis for recovery under state law. *Id.* ¶¶ 41, 95. Thus, SuperCare has been fraudulently joined.

60. Accordingly, SuperCare's citizenship is of no consequence as it is fraudulently joined because Plaintiffs cannot state a basis for recover under state law.

---

[4] *See also In re Roundup Prods. Liab. Litig.,* 2021 WL 4186714, at *2 (noting that in the multidistrict litigation context it is a common tactic for plaintiffs to fraudulently join inappropriate defendants in order to defeat diversity jurisdiction).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

Memorandum - p. 33

6. <u>Therefore, there is complete diversity of citizenship</u>.

61. Accordingly, there is complete diversity between the properly joined parties.

| Plaintiffs | Defendants |
|---|---|
| Elie Zaarour (CA) | Philips North America (DE/MA) |
| Roula Zaarour (CA) | Philips RS (DE/MA) |

**B.** **The amount-in-controversy requirement is satisfied.**

62. There plainly is more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

63. Plaintiffs do not explicitly plead in the Complaint that the amount in controversy exceeds $75,000. Given the nature and extent of Plaintiffs' alleged injuries, however, the amount in controversy plainly exceeds the jurisdictional threshold.

64. Although Defendants deny liability to Plaintiffs, the nature of the case (a medical device products liability action), the harm alleged (mental and physical pain and suffering, permanent injury, cancer, financial and economic loss, lost income, and significant medical procedures, Ex. A, ¶¶ 9-10, 44, 55, 63, 65, 72, 75, 92, 101, 125), and the nature of the damages requested (general damages and special damages for past, present, and future physical and mental pain and suffering, medical expenses, economic damages, and loss of consortium, among others, *id*., at 24) clearly place more than $75,000 in controversy.

65. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Acad. of Country Music v. Cont'l Cas. Co*., 991 F.3d 1059, 1068 (9th Cir. 2021) (citation omitted); *Rahmatullah v. Charter Commc'ns, LLC*, No. EDCV20354PSGSPX, 2020 WL 4014746, at *2 (C.D. Cal. July 15, 2020).

66. In *Hammarlund v. C.R. Bard, Incorporated*, the court concluded that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

NOTICE OF REMOVAL

Memorandum - p. 34

"[i]n cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015). "[B]ased on Plaintiff's allegations of a recurred umbilical hernia, small bowel obstruction, kidney damage, required surgery, permanent scarring, a four-day hospital stay, 'severe and permanent bodily injuries,' as well as 'significant mental and physical pain and suffering,' the Court finds it is still more likely than not that the amount in controversy exceeds $75,000." *Id.*; *see also Campbell v. Bridgestone/Firestone, Inc.*, No. CVIF-051499-FVS-DLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (finding amount in controversy satisfied where plaintiff allegedly suffered severe injuries and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity).

67. In *Black v. Monster Beverage Corp.*, the court found the amount-in-controversy requirement satisfied in an action for strict product liability, negligence, fraudulent concealment, and breach of implied warranties where plaintiffs sought compensatory damages for severe injuries, medical expenses, reduced earning capacity, lost wages, and loss of consortium. No. EDCV1502203MWFDTB, 2016 WL 81474, at *1 (C.D. Cal. Jan. 7, 2016).

68. The *In re: Incretin Mimetics Products Liability Litigation* court found the amount-in-controversy requirement satisfied in a products liability action where plaintiffs alleged serious injury (including cancer), and sought to recover past and future compensatory damages, medical and incidental expenses, loss of earnings and earning capacities, and future medical monitoring. No. 13MD2452 AJB (MDD), 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015).[5]

---

[5] Other courts are in agreement. *See Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (noting generally that product liability actions routinely result in verdicts in excess of $75,000); *Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 606 (S.D.W. Va. Jan. 4, 2007) (concluding that "one can easily conclude the amount in controversy is satisfied" in the context of a tort where plaintiff alleges "serious bodily injury, tremendous pain and suffering, loss of earning capacity," and "loss of ability to enjoy life"); *Fuller v. Pistorius Mach. Co.*, No. 05-6099-CV-W-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14                                          NOTICE OF REMOVAL

Memorandum - p. 35

69.     Similarly, Plaintiffs allege they have suffered significant mental and physical pain and suffering, permanent injuries, cancer, financial and economic injuries, loss of income, and loss of consortium, and are seeking to recover past, present, and future general damages and special damages for these injuries, including significant past and future medical expenses including for significant procedures.

70.     Based on these allegations, Plaintiffs' claims, if proved, would exceed $75,000.00.  Accordingly, the amount-in-controversy requirement is satisfied.

## V.     VENUE

71.     This lawsuit may be removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

72.     The United States District Court for the Central District of California is the federal judicial district encompassing the Superior Court of the State of California in and for the County of Orange, where this suit was originally filed.  28 U.S.C. § 84(c)(2).

73.     On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order consolidating related class action cases and individual personal injury cases such as this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings.  **Exhibit H, Transfer Order**.

74. It is anticipated that this case will be transferred to the MDL following removal.

## VI.     CONSENT

75.     Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).[6]

_____

FJG, 2006 WL 8438334, at *1-2 (W.D. Mo. July 21, 2006) (denying remand and finding amount in controversy satisfied in a products liability action alleging permanent injuries and damages for "for medical care and treatment, surgery and therapy, and . . . lost wages and . . . earnings capacity" because plaintiff "alleged in his petition a serious and disabling injury").

[6] Because it is fraudulently joined, SuperCare does not need to consent to removal. *See Emrich,* 846 F.2d at 1193 n.1 ("Ordinarily, under 28 U.S.C. § 1446(a), all

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

NOTICE OF REMOVAL

Memorandum - p. 36

## VII. **PROCEDURE**

76. Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will be promptly filed with the Superior Court of the State of California in and for the County of Orange, as required by 28 U.S.C. § 1446(d).

77. Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII. **CONCLUSION**

Defendants respectfully remove this action from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California.

Respectfully submitted,

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
*john.lavelle@morganlewis.com*

*Of Counsel for Defendant Philips RS North America LLC*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004-2498
Telephone: +1.212.558.7375
Facsimile: +1.212.558.3588
*monahanw@sullcrom.com*

*Of Counsel for Defendant Philips North America LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Molly Moriarty Lane*
Molly Moriarty Lane

*Attorneys for Defendant
Philips RS North America LLC*

**SULLIVAN & CROMWELL LLP**

By */s/ Michael H. Steinberg*
Michael H. Steinberg

*Attorneys for Defendant
Philips North America LLC*

Dated: May 31, 2022

defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." (citations omitted)).

1
2
### CERTIFICATE OF SERVICE
3
     I certify that on May 31, 2022 I filed this Notice of Removal with the Clerk
4
of the Court by using CM/ECF system, which will send notice of electronic filing
5
to:
6
George W. Ellard
7
Rains Lucia Stern St. Phalle & Silver, PC
2300 Contra Cosa Boulevard, Suite 500
8
Pleasant Hill, CA 94523
Telephone:   +1.925.609.1699
9
Facsimile:   +1. 925.609.1690
PersonalInjuryGroup@RLSlawyers.com
10
Counsel for Plaintiffs
11
12
                   */s/ Molly Moriarty Lane*
                   Molly Moriarty Lane
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17                      NOTICE OF REMOVAL

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 08:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe Deputy Clerk

Case Case 2:22-cv-03845-DMG-JDE Document #:183 Filed 06/02/22 Page 7 Page #:183

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1  EUSTACE DE SAINT PHALLE, SBN 179100
2  GEORGE W. ELLARD, SBN 158195
   PHIL JOHNSON, SBN 335869
3  RAINS LUCIA STERN ST. PHALLE & SILVER, PC
   2300 Contra Costa Blvd., Suite 500
4  Pleasant Hill, CA 94523
   Tel: (925) 609-1699
5  Fax: (925) 609-1690
   E-mail: PersonalInjuryGroup@RLSlawyers.com
6
7  ATTORNEYS FOR PLAINTIFFS
   ELIE ZAAROUR &
8  ROULA ZAAROUR

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           IN AND FOR THE COUNTY OF LOS ANGELES

11                     UNLIMITED JURISDICTION

12

| | |
|---|---|
| ELIE ZAAROUR; ROULA ZAAROUR,<br><br>   Plaintiffs,<br><br>  vs.<br><br>KONINKLIJKE PHILIPS N.V.;<br>PHILIPS NORTH AMERICA LLC; and<br>PHILIPS RS NORTH AMERICA LLC,<br>SUPERCARE HEALTH, INC., and DOES 1-100, inclusive,<br><br>   Defendants. | CASE NO.   22STCV13755<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1st Cause of Action – Negligence**<br>**2nd Cause of Action – Product Liability, Design Defect**<br>**3rd Cause of Action – Product Liability, Manufacturing Defect**<br>**4th Cause of Action – Product Liability, Failure to Warn**<br>**5th Cause of Action – Breach of Express Warranty**<br>**6th Cause of Action – Breach of Implied Warranty of Merchantability**<br>**7th Cause of Action – Intentional Misrepresentation**<br>**8th Cause of Action – Concealment**<br>**9th Cause of Action – Negligent Misrepresentation**<br>**10th Cause of Action – Loss of Consortium**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR ("Plaintiffs") hereby allege against

Defendants KONINKLIJKE PHILIPS N.V. ("Royal Philips"); PHILIPS NORTH AMERICA LLC

("Philips NA"); and PHILIPS RS NORTH AMERICA LLC ("Philips RS") (collectively, Royal Philips,

Philips NA, and Philips RS are "Philips"), SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, and each of them as follows:

### SUMMARY OF COMPLAINT

1.      Plaintiffs bring this action for injuries caused by the use of Continuous Positive Airway Pressure (CPAP) and Bi-Level Positive Airway Pressure (Bi-Level PAP) devices and mechanical ventilators manufactured by Philips, which contain polyester-based polyurethane sound abatement foam ("PE-PUR Foam").

2.      On April 26, 2021, Philips made a public announcement that it had determined there were risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

3.      On June 14, 2021, Royal Philips issued a recall in the United States of its CPAP, Bi-Level PAP, and mechanical ventilator devices containing PE-PUR Foam, because Philips determined that: (a) the PE-PUR Foam was at risk for degradation into particles that may enter the devices' pathway and be ingested or inhaled by users, and (b) the PE-PUR Foam may off-gas certain chemicals during operation. Philips further disclosed in its Recall Notice that, "these issues can result in serious injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment."

4.      Philips has disclosed that the absence of visible particles in the devices does not mean that PE-PUR Foam breakdown has not already begun. Philips reported that lab analysis of the degraded foam reveals the presence of harmful chemicals, including Toluene Diamine ("TDA"), Toluene Diisocyanate ("TDI"), and Diethylene Glycol ("DEG").

5.      Prior to issuing the Recall Notice, Philips received complaints regarding the presence of black debris/particles within the air path circuit of its devices (extending from the device outlet, humidifier, tubing, and mask). Philips also received reports of headaches, upper airway irritation, cough, chest pressure and sinus infection from users of these devices.

6.      In its Recall Notice, Philips disclosed that the potential risks of particulate exposure to users of these devices include irritation (skin, eye, and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (e.g., kidneys and liver) and toxic carcinogenic effects. The

potential risks of chemical exposure due to off-gassing of PE-PUR Foam in these devices include headache/dizziness, irritation (eyes, nose, respiratory tract, skin), hypersensitivity, nausea/vomiting, toxic and carcinogenic effects.

7. Philips recommended that patients using the recalled CPAP and Bi-Level PAP devices immediately discontinue using their devices and that patients using the recalled ventilators for life-sustaining therapy consult with their physicians regarding alternative ventilator options.

8. In or around April 2020, Plaintiff ELIE ZAAROUR began using a Philips Respironics DreamStation CPAP, which he used nightly from the date of receipt until July 2021.

9. While using the device, Plaintiff ELIE ZAAROUR experienced throat irritation and was diagnosed with cancer on March 4, 2022.

10. Further, Plaintiff ELIE ZAAROUR is scheduled to undergo a significant medical procedure in May 2022.

11. Plaintiffs have incurred substantial expenses for medical care and to replace the device. In addition, Plaintiff ELIE ZAAROUR experienced throat irritation during use of the Philips recalled machine. Since being notified of the recall, Plaintiffs have experienced anxiety concerning the serious health risks Plaintiff ELIE ZAAROUR faces from possible exposure to off-gassed or degraded PE-PUR Foam in the Recalled Machines, including the machine used by Plaintiff ELIE ZAAROUR.

12. Plaintiffs seek to recover damages based on, inter alia, Philips' breach of express warranty, breach of implied warranties, misrepresentations, omissions, and breaches of state consumer protection laws in connection with its manufacture, marketing and sale of devices containing PE-PUR Foam.

**PARTIES AND VENUE**

13. Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR are and were at the time of the incident giving rise to this Complaint, residents of San Pedro, Los Angeles County, California.

14. Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR are, and at all times mentioned herein were, lawfully wedded husband and wife.

15. Defendant Royal Philips is a Dutch multinational corporation with its principal place of business located in Amsterdam, Netherlands. Royal Philips is the parent company of the Philips Group of healthcare technology businesses, including Connected Care businesses focusing on Sleep & Respiratory

Care. Royal Philips holds directly or indirectly 100% of its subsidiaries Philips NA and Philips RS in the manufacturing, selling, distributing, and supplying of the recalled CPAP, Bi-Level PAP, and mechanical ventilator devices.

16.     Defendant Philips NA is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141. Philips NA is a wholly owned subsidiary of Royal Philips.

17.     Defendant Philips RS is a Delaware corporation with its principal place of business located at 6501 Living Place, Pittsburgh, Pennsylvania 15206. Philips RS is a wholly owned subsidiary of Royal Philips. Philips RS was formerly operated under the business name Respironics, Inc. ("Respironics"). Royal Philips acquired Respironics in 2008.

18.     Defendant SuperCare Health, Inc. is a California corporation that marketed, sold and distributed the recalled CPAP with its principal place of business located at 8345 Firestone Boulevard, Suite 210, Downey, California 90241.

19.     The true names and capacities, whether individual, corporate, partnership, joint venture, franchisee or otherwise of Defendants DOES 1-100, inclusive, are unknown to Plaintiffs who sue these Defendants by fictitious names.

20.     Each of the Defendants named in this Complaint as a DOE is legally responsible in some manner for the events and happenings alleged in this Complaint, and legally caused injury and damage to Plaintiff as alleged in this Complaint.

21.     Plaintiffs are informed, believe and therefore allege that at all times mentioned herein, certain of the Defendant DOES are the successors in interest to each of the remaining Defendants and on that basis, are liable for any act or omission of Defendants alleged in this Complaint.

22.     Venue is proper in this County because the incident giving rise to this Complaint occurred in this County and the subject product was distributed, purchased, and sold in this County.

## FACTUAL BACKGROUND

**A.     Continuous Positive Airway Pressure Therapy**

23.     Continuous Positive Airway Pressure ("CPAP") therapy is a common nonsurgical treatment primarily used to treat sleep apnea. CPAP therapy typically involves the use of a hose and a nasal

or facemask device that delivers constant and steady air pressure to an individual's throat to help individuals breathe.

24.     Sleep apnea is a common sleep disorder characterized by repeated interruptions in breathing throughout an individual's sleep cycle. These interruptions, called "apneas," are caused when the soft tissue in an individual's airway collapses. The airway collapse prevents oxygen from reaching the individual's lungs which can cause a buildup of carbon dioxide. If the individual's brain senses the buildup of carbon dioxide, it will briefly rouse the individual from sleep so that the individual will not remember. Despite the brevity of the interruptions, the sleep cycle disruptions caused by sleep apnea can dramatically impact a person's lifestyle, including negatively impacting energy, mental performance, and long-term health. CPAP therapy helps treat sleep apnea by preventing the person's airway from collapsing while breathing during sleep cycles, which can help prevent interruptions in breathing.

**B.     Bi-Level Positive Airway Pressure Therapy**

25.     Bi-Level Positive Airway Pressure ("BiPAP") therapy is a common alternative to CPAP therapy for treating sleep apnea. Similar to CPAP therapy, BiPAP therapy is nonsurgical and involves the use of a nasal or facemask device to maintain air pressure in an individual's airway. BiPAP therapy is distinguishable from CPAP therapy, however, because Bi-Level PAP devices deliver two alternating levels – inspiratory and expiratory – of pressurized air into a person's airway, rather than a single continuous level of pressurized air delivered by a CPAP device. The inspiratory positive airway pressure assists a person as a breath is taken in. Conversely, the expiratory positive airway pressure is applied to allow a person to comfortably breathe out. Bi-Level PAP devices deliver one level of pressurized air (the inspiratory positive level) to assist as a person inhales, and another level (the expiratory level) as a person exhales.

**C.     Mechanical Ventilation**

26.     Mechanical ventilation is a treatment to help a person breathe when they find it difficult or are unable to breathe on their own. A mechanical ventilator pushes airflow into the patient's lungs to help them breathe. Mechanical ventilation may be invasive ventilation with a tube inserted into a patient's airway, performed in the intensive care unit in the hospital or a long-term institutional setting. Non-invasive ventilation can be used at home by people with respiratory difficulties.

## **EVENTS GIVING RISE TO THE COMPLAINT**

27.     Philips developed, marketed, and sold a variety of CPAP and Bi-Level PAP respiratory devices and mechanical ventilators under its "Sleep & Respiratory Care" segment of its business designed to assist individuals with a number of sleep, breathing, and respiratory conditions, including obstructive sleep apnea, central sleep apnea, complex sleep apnea syndrome, and Chronic Obstructive Pulmonary Disease (COPD), as well as to assist those individuals requiring invasive and non-invasive ventilators for acute and sub-acute hospital environments. Philips' CPAP and Bi-Level PAP respirator devices and its mechanical ventilators typically cost several hundred, if not thousands of dollars. Philips has sold millions of these devices in the United States.

**A.     Philips Sleep & Respiratory Care Devices Endangered Users**

28.     On April 26, 2021, in its Quarterly Report for Q1 2021, Philips disclosed for the first time, under a section entitled "Regulatory Update," that device user reports had led to a discovery that the type of PE-PUR Foam Philips used to minimize noise in several CPAP and Bi-Level PAP respirators and mechanical ventilators posed health risks to users. Specifically, Philips disclosed that "the [PE-PUR] foam may degrade under certain circumstances, influenced by factors including use of unapproved cleaning methods, such as ozone, and certain environmental conditions involving high humidity and temperature."

29.     Seven weeks later, on June 14, 2021, Philips announced a recall of numerous models of CPAP and Bi-Level PAP devices, as well as a variety of its mechanical ventilators "to address identified potential health risks related to the polyester-based polyurethane (PE-PUR) sound abatement foam component in these devices." Specifically, Philips announced that it had determined that the "Pe-PUR foam may degrade into particles which may enter the device's air pathway and be ingested or inhaled by the user, and the foam may off-gas certain chemicals." In total, Philips announced that "[b]etween 3 million and 4 million" devices are targeted in the recall.

30.     The list of the devices recalled by Philips (the "Recalled Devices" or "Recalled Machines") include:

Philips CPAP and Bi-Level PAP Devices
Manufactured Before April 26, 2021 Subject to Recall
Device Name/Model Type

- E30 (Emergency Use Authorization) – Continuous Ventilator, Minimum Ventilatory Support, Facility Use

- DreamStation ASV; DreamStation ST, AVPAPS; SystemOne ASV 4; C Series ASV; C Series S/T and AVAPS; OmniLab Advanced Plus – Continuous Ventilator, Non-life Supporting
- SystemOne (Q Series); DreamStation; DreamStation GO; Dorma 400; Dorma 500; REMStar SE Auto – Non-continuous Ventilator

Philips Mechanical Respirator Devices
Manufactured Before April 26, 2021 Subject to Recall
Device Name/Model Type

- Trilogy 100 Ventilator; Trilogy 200 Ventilator; Garbin Plus, Aeris, LifeVentVentilator – Continuous Ventilator
- A-Series BiPAP Hybrid A30; Philips A-Series BiPAP V30 Auto – Continuous Ventilator, Minimum Ventilatory Support, Facility Use
- Philips A-Series BiPAP A40; Philips A-Series BiPAP A30 – Continuous Ventilator, Non-life Supporting

31. According to Philips, the PE-PUR Foam used in Recalled Devices puts users at risk of suffering from: "[i]rritation (skin, eye, and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (e.g., kidneys and liver) and toxic carcinogenic affects."

32. Philips reported to physicians that PE-PUR Foam particles "may cause irritation and airway inflammation, and this may be particularly important for patients with underlying lung diseases or reduced cardiopulmonary reserve."

33. Further, Philips reported that "based on lab testing and evaluations, it may be possible that these potential health risks could result in a wide range of potential patient impact, from transient potential injuries, symptoms and complications, as well as possibly serious injury which can be life-threatening or cause permanent impairment, or require medical intervention to preclude permanent impairment."

34. Philips announced that it has received reports of specific complaints from users of Recalled Devices who suffered from "headache[s], upper airway irritation, cough, chest pressure and sinus infection."

**B.     The Health Risks Associated with Use of the Recalled Devices Renders Them Worthless**

35. As a result of the health risks associated with the use of the Recalled Devices, together with Philips' concealment of these risks from the date they were first reported to Philips or discovered by Philips through April 26, 2021, the Recalled Devices have been rendered completely worthless or, at the very least, have been substantially diminished in value.

36. The information described above, including the now-known health risks of Philips CPAP devices, Bi-Level PAP devices and mechanical ventilators, the recall, and the medical warnings and advice issued by Philips, have rendered the Recalled Devices worthless to patients with sleep apnea and respiratory conditions. Individuals not using life-supporting ventilators must immediately discontinue their use of the Recalled Devices or continue to face serious health risks as grave as organ failure or cancer. If they choose to discontinue use of the Recalled Devices they must pay for another expensive device in order to receive effective treatment for their sleep apnea and/or respiratory conditions. Individuals using life-supporting ventilators must seek an alternative treatment before discontinuing use of the Recalled Device.

37. Recognizing this, Philips issued the following advice to patients using any of the Recalled Devices:

- "For patients using BiLevel PAP and CPAP devices: Discontinue use of affected units and consult with physicians to determine the benefits of continuing therapy and potential risks."
- "For patients using life-sustaining mechanical ventilator devices: DO NOT discontinue or alter prescribed therapy, without consulting physicians to determine appropriate next steps."

38. As a result of the above, Plaintiff will have to undertake considerable expense replacing the Recalled Device.

C. **Philips Unreasonably Delayed its Recall**

38. At no time prior to its Regulatory Update on April 26, 2021, did Philips disclose to purchasers or users of the Recalled Devices that the PE-PUR Foam contained therein may off-gas or degrade upon use. Similarly, prior to the Update, Philips did not disclose any health risks associated with use of the Recalled Device.

39. Philips have not disclosed when they first discovered or received reports from users of their Sleep & Respiratory Care devices "regarding the presence of black debris/particles within the airpath circuit (extending from the device outlet, humidifier, tubing, and mask)."

40. At a minimum, as a result of user reports, Philips were aware of the off-gassing and degradation of the PE-PUR Foam used in the Recalled Devices at some point prior to the recall yet continued to manufacture and sell the Recalled Devices with such awareness. During this period, Philips

unreasonably and unjustly profited from the manufacture and sale of the Recalled Devices and unreasonably put users of the Recalled Devices at risk of development of serious adverse health effects, including organ failure and cancer.

**D.     Plaintiff ELIE ZAAROUR**

41.     Plaintiff ELIE ZAAROUR purchased and used a Recalled Device, a Philips Respironics DreamStation device, prior to June 14, 2021.

42.     The manuals accompanying Plaintiff's device did not contain any language or warnings of health risks associated with use of the device, including irritation (skin, eye, and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (e.g., kidneys and liver) and toxic carcinogenic effects. Had Philips informed Plaintiff of these risks, he would not have used the Recalled Device.

43.     Without knowing of the health risks associated with use of the Recalled Device, Plaintiff used the Recalled Device regularly to treat sleep apnea until learning of the recall in July 2021.

44.     As a result of the health risks associated with continued use of the Recalled Device, Plaintiff ELIE ZAAROUR was diagnosed with cancer.

**TOLLING**

45.     Plaintiff had no way of knowing about Philips' conduct with respect to the health risks associated with the use of the Recalled Device.

46.     Plaintiff, through the exercise of reasonable care, could not have discovered the conduct by Philips alleged herein. Further, Plaintiff did not discover and did not know of facts that would have caused a reasonable person to suspect that Philips was engaged in the conduct alleged herein.

47.     Plaintiffs' first notice of the conduct alleged herein came in July 2021.

48.     For these reasons, all applicable statutes of limitations have been tolled by the discovery rule with respect to claims asserted by Plaintiffs.

49.     By failing to provide immediate notice of the adverse health effects associated with continued use of the Recalled Device, Philips concealed its conduct and the existence of the claims

asserted herein from Plaintiffs.

50.     Upon information and belief, Philips intended its acts to conceal the facts and claims from Plaintiffs. Plaintiffs were unaware of the facts alleged herein without any fault of lack of diligence on their part and could not have reasonably discovered Philips' conduct. For this reason, any statute of limitations that otherwise may apply to the claims of Plaintiffs should be tolled.

## FIRST CAUSE OF ACTION – NEGLIGENCE
### (Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive)

51.     Plaintiffs incorporate by reference paragraphs 1-50 above as though fully set forth herein.

52.     Defendants had a duty to individuals, including the Plaintiffs, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the recalled machines, including the Recalled Devices.

53.     Defendants were negligent in failing to use reasonable care as described herein in designing and manufacturing the recalled machines, as well as the machine that Plaintiff ELIE ZAAROUR purchased and used. Defendants breached their aforementioned duty by:

   a.     Failing to design the Recalled Machines so as to avoid an unreasonable and increased risk of harm of cancer and other injuries in users;

   b.     Including in the design of the recalled machines flawed polyurethane PE-PUR sound abatement foam that could break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer as well as other injuries;

   c.     Manufacturing certain Philips machines, including the Recalled Devices, with a specific lot and/or lots of flawed polyurethane PE-PUR sound abatement foam that could break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer as well as other injuries;

   d.     otherwise negligently or carelessly designing, manufacturing, marketing, labeling,

packaging and/or selling the Recalled Devices.

54.     Defendants also negligently failed to warn or instruct the Plaintiffs in the following manners:

a.   the recalled machine's flawed polyurethane PE-PUR sound abatement foam propensities to break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer as well as other injuries;

b.   the recalled machine's polyurethane PE-PUR sound abatement foam propensities for degradation, fragmentation and/or chemicalization;

c.   the rate and manner in which the polyurethane PE-PUR sound abatement foam would break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping;

d.   the risk of chronic inflammation resulting from the use of the recalled machines;

e.   the risk of chronic infections resulting from the recalled machines;

f.   the risk of lung, kidney, and/or rectal cancers from exposure to the foam;

g.   the need for corrective or revision surgery to adjust or remove cancerous tumors and/or nodules as a result of usage of the recalled machines;

h.    the severity of complications that could arise as a result of implantation of the recalled machines.

55.     As a direct and legal result of Defendants' negligence, Plaintiffs experienced significant mental and physical pain and suffering, sustained permanent injury, underwent medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages. Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, as set forth below.

**SECOND CAUSE OF ACTION – PRODUCT LIABILITY – DESIGN DEFECT (Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive)**

56.    Plaintiffs incorporate by reference paragraphs 1-55 above as though fully set forth herein.

57.    The recalled machine used by Plaintiff ELIE ZAAROUR was not reasonably safe for its intended uses and was defective as described herein with respect to its design. As previously stated, the machine's design defects include, but are not limited to:

a.    The use of polyurethane PE-PUR sound abatement foam in the recalled machines and the immune reaction that results from such material, causing adverse reactions and injuries;

b.    Failing to design the recalled machines so as to avoid an unreasonable and increased risk of harm of cancer and other injuries in users;

c.    Including in the design of the recalled machines flawed polyurethane PR-PUR sound abatement foam that could break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer as well as other injuries;

d.    Failing to use alternatively available sound abatement materials and/or foams in the recalled machines, such as plastic, silicone, or rubber, which would not break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping;

e.    Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the recalled machines.

58.    At all times, the use of the recalled machines, as well as Plaintiff ELIE ZAAROUR's use of the Recalled Device and its components were at all times foreseeable and foreseen by Defendants as it was used by Plaintiff ELIE ZAAROUR in the manner intended by Defendants.

59.    The recalled machine used by Plaintiff ELIE ZAAROUR was defective in design in that it failed to perform as safely as a reasonable consumer would expect when used in an intended or reasonably foreseeable manner.

60.     The recalled machines, including the Recalled Device used by Plaintiff ELIE ZAAROUR, are further defective in that the risks of danger inherent in its design outweigh the benefits, in that the gravity of danger posed by the design was great, the likelihood that such danger would cause injury was substantial, there were feasible, safer alternative designs known to Defendants at the time of manufacture, the financial costs of an improved design was minor and there were likely no adverse consequences to the product, or to the user, that would result from an alternative design.

61.     Defendants, and each of them, knew that the recalled machines, including Plaintiff ELIE ZAAROUR's Recalled Device, and the component parts of these CPAP/BiPAP machines would be purchased and used without inspection for defects in the design of the machine or its masks/attachments.

62.     The recalled machines, including Plaintiff ELIE ZAAROUR's Recalled Device, and the component parts of these machines were defective when they left the control of each of these Defendants.

63.     As a direct and legal result of the recalled machines, including Plaintiff ELIE ZAAROUR's Recalled Device, and the aforementioned defects as described herein, the Plaintiffs have experienced significant mental and physical pain and suffering, sustained permanent injury, undergone medical treatment and will likely undergo future medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

64.     Defendants are strictly liable to the Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling the recalled machines, including Plaintiff ELIE ZAAROUR's Recalled Device.

65.     As a direct and legal result of one or more of the above-stated negligent acts, Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive, as set forth below.

**THIRD CAUSE OF ACTION – PRODUCT LIABILITY –
MANUFACTURING DEFECT**
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and
PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100,
inclusive)**

66.     Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-65 above as though fully set forth herein.

67.     At all times, the use of the recalled machines, as well as Plaintiff ELIE ZAAROUR's use of the Recalled Device and its components was at all times foreseeable and foreseen by Defendants as it was used by Plaintiff ELIE ZAAROUR in the manner intended by Defendants.

68.     The recalled machines were defective at the time of their manufacture, development, production, testing, inspection, endorsement, sale and distribution, and at the time they left the possession of the Defendants, in that, and not by way of limitation, the products differed from the Defendants' intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

69.     Defendants, and each of them, knew or should have known of the defective nature of the recalled machines, including (among other things), that the PE-PUR foam used in the recalled machine's component parts was prone to flaking, chemicalization, disintegration, that it could enter the user's airways while they slept, and created an unreasonably high risk while in use, and would foreseeably result in injury or death to the public, purchasers, and/or consumers.

70.     The Defendants, and each of them, knew or should have known of the defective nature of the recalled machines, and the component parts of these CPAP/BiPAP machines, including among other things, that the PE-PUR foam used in the recalled machine's component parts was prone to flaking, chemicalization, disintegration, that it could enter the user's airways while they slept, and created an unreasonably high risk while in use, and would foreseeably result in injury or death to the public, purchasers, and/or consumers.

71.     Specifically, the Defendants improperly designed the recalled machines by manufacturing certain Philips machines, including the recalled machines, with a specific lot and/or lots of flawed

polyurethane PE-PUR sound abatement foam that could break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer, as well as other injuries.

72.     As a direct and legal result of one or more of the above-stated negligent acts, Plaintiffs suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, as set forth below.

### FOURTH CAUSE OF ACTION – PRODUCT LIABILITY – FAILURE TO WARN
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive)**

73.     Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-72 above as though fully set forth herein.

74.     The recalled machines, including the Recalled Device used by Plaintiff ELIE ZAAROUR, were not reasonably safe for their intended uses and were defective as described herein as a matter of law due to its lack of appropriate and necessary warnings. Specifically, Defendants did not provide sufficient or adequate warnings including, but not limited to, the following:

   a.     the recalled machine's flawed polyurethane PE-PUR sound abatement foam propensities to break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping, exposing them to increased and unnecessary risk of cancer, as well as other injuries;

   b.     the recalled machine's polyurethane PE-PUR sound abatement foam propensities for degradation, fragmentation and/or chemicalization;

   c.     the rate and manner in which the polyurethane PE-PUR sound abatement foam would break down, flake off and/or chemicalize and infiltrate the device's air pathway while the user is sleeping;

d.      the risk of chronic inflammation resulting from use of the recalled machines;

e.      the risk of chronic infections resulting from the recalled machines;

f.      the risk of lung, kidney, and/or rectal cancers from exposure to the foam;

g.      the need for corrective or revision surgery to adjust or remove cancerous tumors and/or nodules as a result of usage of the recalled machines;

h.      the severity of complications that could arise as a result of implantation of the recalled machines.

75.      As a direct and legal result of the recalled machine's aforementioned defects as described herein, the Plaintiffs have experienced significant mental and physical pain and suffering, sustained permanent injury, undergone medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

76.      Defendants are strictly liable to the Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective device.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive, as set forth below.

**FIFTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY**
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive)**

77.      Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-76 above as though fully set forth herein.

78.      Philips marketed and sold the Recalled Device into the stream of commerce with the intent that the Recalled Device would be purchased by Plaintiff ELIE ZAAROUR and other members of the general public.

79.      Philips expressly warranted, advertised, and represented to Plaintiffs that the Recalled Device was safe and appropriate for human use.

80.     Philips made these express warranties regarding the Recalled Device's quality and fitness for use in writing through its website, advertisements, and marketing materials, and on the Recalled Device's packaging and labels. These express warranties became part of the basis of the bargain that Plaintiffs entered into upon purchasing the Recalled Device.

81.     Philips' advertisements, warranties, representations, and omissions regarding health risks associated with the Recalled Device, were made in connection with the sale of the Recalled Device to Plaintiffs. Plaintiffs relied on Philips' advertisements, warranties, representations, and omissions regarding the Recalled Device in deciding whether to purchase and use Philips' Recalled Device.

82.     The recalled machines, including the Recalled Device used by Plaintiff ELIE ZAAROUR, did not conform to Philips' advertisements, warranties, representations, and omissions in that they are not safe, healthy, and appropriate for human use, and pose risks of serious injury and disease, including organ failure and cancer.

83.     Philips therefore breached its express warranties by placing the recalled machines, including the machine used by Plaintiff, into the stream of commerce and selling it to consumers, when their use posed health risks, had dangerous effects and were unsafe, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for consumer use as marketed by Philips. These associated health effects substantially impair the use, value, and safety of the recalled machines, and rendered the machines worthless.

84.     Philips was aware, or should have been aware, of the toxic or dangerous health effects from the use of the recalled machines, including the machine used by Plaintiff ELIE ZAAROUR, but nowhere on the package labeling or package inserts or on Philips' websites or other marketing materials did Philips warn Plaintiffs that Plaintiff ELIE ZAAROUR was at risk of developing adverse health effects as a result of the dangerous PE-PUR Foam used in the recalled machines.

85.     Instead, Philips concealed the dangerous health effects of the PE-PUR Foam used in the recalled machines, including the machine used by Plaintiff ELIE ZAAROUR and deceptively represented that these products were safe, healthy, and appropriate for use. Philips thus failed to ensure that the material representations they were making to consumers were true.

86.     The adverse health effects associated with use of the recalled machines, including the

machine used by Plaintiff ELIE ZAAROUR existed when they left Philips' possession or control and were sold to Plaintiffs. The dangers associated with use of the recalled machines were undiscoverable by Plaintiffs at the time of purchase of the Recalled Device.

87.     As manufacturers, marketers, advertisers, distributors and sellers of the Recalled Devices, Philips had exclusive knowledge and notice of the fact that the Recalled Devices did not conform to the affirmations of fact and promises.

88.     In addition, or in the alternative, to the formation of an express contract, Philips made each of the above-described representations and omissions in purchasing and using the Recalled Device.

89.     Philips' affirmations of fact and promises and its omissions were material, and Plaintiffs reasonably relief upon such representations and omissions in purchasing and using the Recalled Device.

90.     All conditions precedent to Philips's liability for its breach of express warranty have been performed by Plaintiffs.

91.     Affording Philips an opportunity to cure its breaches of written warranties would be unnecessary and futile here. Philips was placed on reasonable notice from user reports and its lab testing that the PE-PUR Foam in the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR was unsafe. Philips had ample opportunity either to stop using the PE-PUR Foam or to replace the PE-PUR Foam in the Recalled Devices to make them safe and healthy for use by Plaintiff but failed to do so until now.

92.     As a direct and legal result of the recalled machines, including the machine's aforementioned defects as described herein, the Plaintiffs have experienced significant mental and physical pain and suffering, sustained permanent injury, undergone medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, as set forth below.

///

**SIXTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive)**

93.     Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-92 above as though fully set forth herein.

94.     Philips are merchants engaging in the sale of goods to Plaintiffs and members of the general public.

95.     There was a direct sale of goods from Philips to Plaintiffs, creating privity between Plaintiffs and Defendants.

96.     At all times mentioned herein, Philips manufactured or supplied the recalled machines, including the machine used by Plaintiff ELIE ZAAROUR, and prior to the time of use, Philips impliedly warranted to Plaintiffs that the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR was of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact and omissions made on the labels and packaging, including that the machines were safe and appropriate for human use. Plaintiffs relied on Philips' promises and affirmations of fact and omissions when they purchased the Recalled Device and Plaintiff ELIE ZAAROUR used the Recalled Device.

97.     Contrary to these representations and warranties, the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR was not fit for its ordinary use and did not conform to Philips' affirmations of fact and promises and omissions because use of the Recalled Devices is accompanied by the risk of adverse health effects, which does not conform to the labels and packaging of these devices.

98.     Philips breached its implied warranties by selling a Recalled Device, including the machine used by Plaintiff ELIE ZAAROUR that failed to conform to the promises or affirmations of fact made on the packaging or label, as use of each Recalled Device was accompanied by the risk of developing adverse health effects that do not conform to the packaging or label.

99.     Philips was on notice of this breach, as it was made aware of the adverse health effects

19

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

accompanying use of the Recalled Devices through user reports submitted to Philips and through lab testing.

100.    Privity exists because Philips impliedly warranted to Plaintiff through the warranting, packaging, advertising, marketing, and labeling that the Recalled Devices were natural, and suitable for use to treat health conditions, and made no mention of the attendant health risks associated with use of the Recalled Devices.

101.    As a direct and legal result of the Recalled Devices, including the aforementioned defects as described herein, Plaintiffs have experienced significant mental and physical pain and suffering, sustained permanent injury, undergone medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive, as set forth below.

**SEVENTH CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION**
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, and DOES 1-100, inclusive)**

102.    Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-101 above as though fully set forth herein.

103.    Defendants represented to Plaintiffs that the Recalled Devices were safe for human use and did not pose serious health risks to their users.

104.    Defendants' representation that the Recalled Devices were safe for human use and did not pose serious health risks to their users was false.

105.    Defendants made the representation that the Recalled Devices, including the machine used by Plaintiffs ELIE ZAAROUR, were safe for human use and did not pose serious health risks to their users knowing the representation was false in that the Recalled Devices contained PR-PUR Foam and thus were at risk of causing adverse health effects to users of the Recalled Devices which does not conform to the products' labels, packaging, advertising, and statements.

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

106.     Defendants intended that Plaintiffs rely on the representation that the Recalled Devices were safe for human use and did not pose serious health risks to their users.

107.     Plaintiffs reasonably relied on Defendants' representation that the Recalled Devices were safe for human use and did not pose serious health risks to their users.

108.     Plaintiffs were harmed due to this reasonable reliance on Defendants' representation.

109.     Plaintiffs' reliance on Defendants' representation was a substantial factor in causing their harm.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, and DOES 1-100, inclusive, as set forth below.

### EIGHTH CAUSE OF ACTION – CONCEALMENT
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, and DOES 1-100, inclusive)**

110.     Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference paragraphs 1-109 above as though fully set forth herein.

111.     Philips intentionally failed to disclose certain facts regarding the serious health threats posed by the use of the Recalled Devices that were known only to Philips and that Plaintiffs could not have discovered.

112.     Plaintiffs did not know of the concealed fact regarding the serious health threats posed by the use of the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR.

113.     Philips intended to deceive Plaintiffs by concealing the facts regarding the serious health threats posed by the use of the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR.

114.     Had the omitted information been disclosed, Plaintiffs reasonably would have stopped using the machine used by regarding the serious health threats posed by the use of the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR.

115.     Plaintiffs were harmed due to their use of the recalled machine.

116.     Philips' concealment was a substantial factor in causing Plaintiffs' harm.

1    Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against

2    Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS

3    NORTH AMERICA LLC, and DOES 1-100, inclusive, as set forth below.

4    **NINTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**
     **(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and**
5    **PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100,**
6    **inclusive)**

7    117.    Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR incorporate by reference

8    paragraphs 1-116 above as though fully set forth herein.

9    118.    Philips represented to Plaintiffs that use of the Recalled Devices, including the machine

10   used by Plaintiff ELIE ZAAROUR, did not pose serious health risks.

11   119.    Philips' representation that use of the Recalled Devices, including the machine used by

12   Plaintiff ELIE ZAAROUR, did not pose serious health risks was false.

13   120.    Philips had a duty to Plaintiffs to exercise reasonable and ordinary care in the developing,

14   testing, manufacture, marketing, distribution, and sale of the Recalled Devices, including the machine used

15   by Plaintiff ELIE ZAAROUR.

16   121.    Philips breached its duty to Plaintiff by developing, testing, manufacturing, advertising,

17   marketing, distributing, and selling products to Plaintiffs that did not have the qualities, characteristics, and

18   suitability for use as advertised by Philips and by failing to promptly remove the Recalled Devices,

19   including the machine used by Plaintiff ELIE ZAAROUR from the marketplace or to take other

20   appropriate remedial action upon becoming aware of the health risks of the Recalled Devices.

21   122.    Philips knew or should have known that the qualities and characteristics of the Recalled

22   Devices, including the machine used by Plaintiff ELIE ZAAROUR were not as advertised or suitable for

23   their intended use and were otherwise not as warranted and represented by Philips. Specifically, Philips

24   knew or should have known that:

25        a)  the use of the Recalled Devices was accompanied by risks of adverse health effects that

26            do not conform to the packaging and labeling;

27        b)  the Recalled Devices were adulterated, or at risk of being adulterated, by the Pe-PUR

28            Foam; and

---

22

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

c) the Recalled Devices were otherwise not as warranted and represented by Philips.

123. Philips intended that Plaintiffs rely on the representation that that use of the Recalled Devices, including the machine used by Plaintiff ELIE ZAAROUR, did not pose serious health risks.

124. Plaintiffs reasonably relied on Philips' representation.

125. As a direct and proximate result of Defendant's negligence, the Plaintiffs have experienced significant mental and physical pain and suffering, sustained permanent injuries, undergone medical treatment and will likely undergo further medical treatment and procedures, suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100, inclusive, as set forth below.

**TENTH CAUSE OF ACTION – LOSS OF CONSORTIUM**
**(Against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and**
**PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC., and DOES 1-100,**
**inclusive)**

126. Plaintiff ROULA ZAAROUR incorporate by reference paragraphs 1-125 above as though fully set forth herein.

127. Plaintiff ROULA ZAAROUR was at all times relevant to this complaint the lawfully wedded wife of Plaintiff ELIE ZAAROUR.

128. As a direct and proximate result of the harms caused by Defendants to Plaintiffs, Plaintiff ROULA ZAAROUR has suffered a loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of the enjoyment of intimacy with her husband, Plaintiff ELIE ZAAROUR.

Wherefore, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for judgment against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, as set forth below.

**PRAYER**

WHEREFORE, with respect to each cause of action listed above, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR pray for damages against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; PHILIPS RS NORTH AMERICA LLC; SUPERCARE HEALTH, INC. and DOES 1-100, inclusive, and each of them as follows:

1.     General damages in an amount to be determined by proof at trial;

2.     Special damages in an amount to be determined by proof at trial;

3.     Interest as permitted by law;

4.     Costs of this action;

5.     Any other and further relief that the court considers proper.

**DEMAND FOR JURY TRIAL**

As to the matters complained of herein against Defendants KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; PHILIPS RS NORTH AMERICA LLC; SUPERCARE HEALTH, INC., and DOES 1-100, inclusive, and each of them, Plaintiffs ELIE ZAAROUR and ROULA ZAAROUR demand a trial by jury.

Dated: April 25, 2022         Respectfully submitted,

RAINS LUCIA STERN
ST. PHALLE & SILVER, PC

By:  GEORGE W. ELLARD
     Attorneys for Plaintiffs ELIE ZAAROUR and
     ROULA ZAAROUR

# EXHIBIT B



null / ALL
**Transmittal Number: 24871789**
**Date Processed: 05/04/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Barbara Bickford<br>Philips North America LLC<br>222 Jacobs St<br>Fl 3<br>Cambridge, MA 02141-2289 |

| | |
|---|---|
| **Entity:** | Philips North America LLC<br>Entity ID Number 1920741 |
| **Entity Served:** | Philips North America LLC |
| **Title of Action:** | Elie Zaarour vs. Koninklijke Philips N.V. |
| **Matter Name/ID:** | Elie Zaarour vs. Koninklijke Philips N.V. (12257182) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV13755 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/02/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rains Lucla Stern St. Phalle & Silver, PC<br>925-609-1699 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C



null / ALL
**Transmittal Number: 24871791**
**Date Processed: 05/04/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Barbara Bickford<br>Philips North America LLC<br>222 Jacobs St<br>Fl 3<br>Cambridge, MA 02141-2289 |

| | |
|---|---|
| **Entity:** | Philips RS North America LLC<br>Entity ID Number  2776747 |
| **Entity Served:** | Philips RS North America LLC |
| **Title of Action:** | Elie Zaarour vs. Koninklijke Philips N.V. |
| **Matter Name/ID:** | Elie Zaarour vs. Koninklijke Philips N.V. (12257182) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV13755 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/02/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rains Lucia Stern St. Phalle & Silver, PC<br>925-609-1699 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Case 2:22-cv-00868-MHT-JTA Document 9-1 Filed 05/16/22 Page 55 of 70 Page ID #:211

EXHIBIT D

## Corporate Records & Business Registrations

### Source Information

| | |
|---|---|
| Information Current Through: | 06/20/2021 |
| Database Last Updated: | 07/13/2021 |
| Update Frequency: | WEEKLY |
| Current Date: | 07/17/2021 |
| Source: | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

### Company Information

| | |
|---|---|
| Name: | PHILIPS RS NORTH AMERICA LLC |
| Address: | 6501 LIVING PLACE PITTSBURGH, PA 15206 |
| D&B DUNS: | 08-072-8314 |

### Filing Information

| | |
|---|---|
| Identification Number: | 1115779 |
| Filing Date: | 04/05/2017 |
| State of Incorporation: | DELAWARE |
| Status: | GOOD STANDING |
| Business Type: | FOREIGN LIMITED LIABILITY CO BUSINESS |
| Address Type: | BUSINESS |
| Where Filed: | SECRETARY OF STATE/CORPORATION DIVISION 202 N CONGRESS ST STE 601 JACKSON, MS 39201 |

### Registered Agent Information

| | |
|---|---|
| Name: | CORPORATION SERVICE COMPANY |

### Name Information

| | |
|---|---|
| Former Name: | RESPIRONICS, INC. |

### Principal Information

| | |
|---|---|
| Name: | JOHN A FRANK |
| Title: | MANAGER |
| Address: | 1740 GOLDEN MILE HWY MONROEVILLE, PA 15146 |
| Name: | JACK LIBERT |
| Title: | MANAGER |
| Address: | 1010 MURRY RIDGE LANE MURRYSVILLE, PA 15668 |
| Name: | OSCAR MACEDO |
| Title: | MANAGER |
| Address: | 6501 LIVING PLACE PITTSBURGH, PA 15206 |
| Name: | SONAL MATAI |
| Title: | MANAGER |
| Address: | 6501 LIVING PLACE PITTSBURGH, PA 15206 |
| Name: | PHILIPS RS NORTH AMERICA HOLDING CORPORATION |
| Title: | MEMBER |
| Address: | 222 JACOBS STREET CAMBRIDGE, MA 02141 |

### Amendment Information

| | |
|---|---|
| Amendments: | 04/08/2021 MISCELLANEOUS ANNUAL REPORT FOR PHILIPS RS NORTH AMERICA LLC 11/10/2020 MISCELLANEOUS BUSINESS CONVERSION FOR RESPIRONICS, INC. 04/08/2020 MISCELLANEOUS ANNUAL REPORT FOR RESPIRONICS, INC. 04/11/2019 MISCELLANEOUS ANNUAL REPORT FOR RESPIRONICS, INC. |

04/12/2018 MISCELLANEOUS
ANNUAL REPORT FOR
RESPIRONICS, INC.
04/05/2017 MISCELLANEOUS
FORMATION FOR RESPIRONICS,
INC.
The preceding public record data is for information
purposes only and is not the official record. Certified copies
can only be obtained from the official source.
The public record items reported above may have been
paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR
(1-877-362-7387) for on-site manual retrieval of documents
related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein
constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec.
1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing
a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose
authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose
authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT E

## CURRENCY

| | |
|---|---|
| **Information Current Through:** | 7/17/2021 |
| **Update Frequency:** | As Current As Secretary of State |
| **Source:** | Delaware Secretary of State |

## COMPANY INFORMATION

| | |
|---|---|
| **Name:** | PHILIPS RS NORTH AMERICA HOLDING CORPORATION |

## AGENT INFORMATION

| | |
|---|---|
| **Agent Name:** | CORPORATION SERVICE COMPANY |
| **Agent ID Number:** | 9000014 |
| **Address:** | 251 LITTLE FALLS DRIVE<br>WILMINGTON, DE 19808 |

## FILING INFORMATION

| | |
|---|---|
| **Residency:** | Domestic |
| **Entity Kind:** | Corporation |
| **Entity Type:** | General |
| **State of Incorporation:** | Delaware Company |
| **Date of Incorporation:** | 10-31-2020 |
| **Status:** | Good Standing, 10-31-2020 |
| **Expiration Date:** | Not Available |
| **State ID Number:** | 4018768 |

## STOCK INFORMATION

| | |
|---|---|
| **Total Authorized Shares:** | 1,000 |
| **Total Value:** | $1,000.00 |
| **Stock Effective Date:** | 10-31-2020 |

## TAX INFORMATION

| | |
|---|---|
| **Last Annual Report Filed:** | 2021 |
| **Annual Tax Assessment:** | $175.00 |
| **Current Tax Estimate as of 7/17/2021** | $225.00 |
| **Tax Area & Code:** | A/R Filing Required |

## Filing History (Last 5 Filings)

| Description | Pages | Filing Date | Filing Time | Effective Date |
|---|---|---|---|---|
| Stock Corporation | 1 | 10-30-2020 | 11:51 | 10-31-2020 |

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT F

| Corporate Records & Business Registrations |
|:---:|

## Source Information

| | |
|---|---|
| **Information Current Through:** | 09/30/2021 |
| **Database Last Updated:** | 11/15/2021 |
| **Update Frequency:** | MONTHLY |
| **Current Date:** | 11/23/2021 |
| **Source:** | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

## Company Information

| | |
|---|---|
| **Name:** | PHILIPS NORTH AMERICA LLC |
| **Address:** | 222 JACOBS STREET CAMBRIDGE, MA 02141-2289 |

## Filing Information

| | |
|---|---|
| **Identification Number:** | 0408258 |
| **Filing Date:** | 11/22/1995 |
| **State of Incorporation:** | DELAWARE |
| **Status:** | ACTIVE |
| **Business Type:** | FOREIGN LIMITED LIABILITY CO |
| **Address Type:** | MAILING |
| **Where Filed:** | SECRETARY OF STATE/ CORPORATE DIVISION STATE CAPITOL STE 152 FRANKFORT, KY 40601 |

## Registered Agent Information

| | |
|---|---|
| **Name:** | CORPORATION SERVICE COMPANY |
| **Address:** | 421 WEST MAIN STREET FRANKFORT, KY 40601 |

## Principal Information

| | |
|---|---|
| **Name:** | PHILIPS HOLDING USA INC |
| **Title:** | MEMBER |
| **Name:** | BRENT SHAFER |
| **Title:** | DIRECTOR |
| **Name:** | JAMES M MATTERN II |
| **Title:** | DIRECTOR |
| **Name:** | JOSEPH E INNAMORATI |
| **Title:** | DIRECTOR |
| **Name:** | BRENT SHAFER |
| **Title:** | PRESIDENT |
| **Name:** | JOSEPH E INNAMORATI |
| **Title:** | SECRETARY |
| **Name:** | JAMES M MATTERN II |
| **Title:** | TREASURER |

## Amendment Information

| | |
|---|---|
| **Amendments:** | 03/14/1996 MISCELLANEOUS ASSUMED NAME CORP: EDAX INTERNATIONAL |

## Additional Detail Information

| | |
|---|---|
| **Additional Details:** | BUSINESS STANDING: GOOD |

The preceding public record data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.
The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT G

| Corporate Records & Business Registrations |
|---|

## Source Information

| | |
|---|---|
| **Information Current Through:** | 09/30/2021 |
| **Database Last Updated:** | 11/15/2021 |
| **Update Frequency:** | MONTHLY |
| **Current Date:** | 11/23/2021 |
| **Source:** | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

## Company Information

| | |
|---|---|
| **Name:** | PHILIPS HOLDING USA INC. |
| **Address:** | 222 JACOBS STREET CAMBRIDGE, MA 02141-2289 |

## Filing Information

| | |
|---|---|
| **Identification Number:** | 0989315 |
| **Filing Date:** | 06/26/2017 |
| **State of Incorporation:** | DELAWARE |
| **Status:** | ACTIVE |
| **Corporation Type:** | PROFIT |
| **Business Type:** | CORPORATION |
| **Address Type:** | MAILING |
| **Where Filed:** | SECRETARY OF STATE/ CORPORATE DIVISION STATE CAPITOL STE 152 FRANKFORT, KY 40601 |

## Registered Agent Information

| | |
|---|---|
| **Name:** | CORPORATION SERVICE COMPANY |
| **Address:** | 421 WEST MAIN STREET FRANKFORT, KY 40601 |

## Principal Information

| | |
|---|---|
| **Name:** | JOSEPH E. INNAMORATI |
| **Title:** | DIRECTOR |
| **Name:** | LING LIU |
| **Title:** | DIRECTOR |
| **Name:** | VITOR ROCHA |
| **Title:** | DIRECTOR |
| **Name:** | VITOR ROCHA |
| **Title:** | PRESIDENT |
| **Name:** | JOSEPH E. INNAMORATI |
| **Title:** | SECRETARY |
| **Name:** | LING LIU |
| **Title:** | TREASURER |
| **Name:** | PAUL CAVANAUGH |
| **Title:** | VICE PRESIDENT |

## Additional Detail Information

| | |
|---|---|
| **Additional Details:** | BUSINESS STANDING: GOOD |

The preceding public record data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.
The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

# EXHIBIT H

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION**                                    MDL No. 3014

## TRANSFER ORDER

      **Before the Panel**:* Plaintiff in the Eastern District of Pennsylvania *Starner* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, in the Western District of Pennsylvania.[1] This litigation consists of ten actions pending in five districts, as listed on Schedule A. The parties have informed the Panel of 104 related actions pending in 31 districts.[2]

      Plaintiffs in more than fifty actions responded to the motion. All support centralization, but differ as to the proposed transferee district. The suggested transferee districts include: the Northern District of California, the Middle District of Georgia, the Northern District of Georgia, the District of Kansas, the Eastern District of Louisiana, the District of Massachusetts, the Western District of Missouri, the District of Oregon, the Eastern District of Pennsylvania, the Western District of Pennsylvania, the Eastern District of Virginia, and the Southern District of West Virginia. Defendants Philips North America LLC and Philips RS North America LLC (collectively, Philips) likewise support centralization. Defendants suggest either the District of Massachusetts or the Western District of Pennsylvania as the transferee district.

      On the basis of the papers filed and the hearing session held,[3] we find that the actions listed

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Movant also does not oppose centralization in the Eastern District of Louisiana or the District of Massachusetts.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 30, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3014 (J.P.M.L. Sept. 13, 2021), ECF No. 134.

- 2 -

on Schedule A involve common questions of fact, and that centralization in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Philips' recall of certain Continuous Positive Airway Pressure (CPAP), Bi-Level Positive Airway Pressure (Bi-Level PAP), and mechanical ventilator devices on June 14, 2021.[4] The recalled devices allegedly contain polyester-based polyurethane (PE-PUR) sound abatement foam that may degrade into particles or off-gas volatile organic compounds that may then be ingested or inhaled by the user, causing injury. Plaintiffs allege that defendants concealed the problems with the PE-PUR foam before the recall was announced and made misrepresentations regarding the recalled devices in connection with their marketing and sales.

Most of the actions are putative consumer class actions asserting overlapping claims for violations of state consumer protection statutes, breach of warranties, and unjust enrichment. The asserted nationwide and state classes overlap significantly. Approximately thirty actions assert individual personal injury claims. The parties support inclusion of these personal injury actions in the MDL. We concur. All of the Philips actions will raise similar factual questions regarding the recalled devices and the conduct of the recall, and will require common discovery regarding the development and safety of the recalled devices and the potential harm that can be caused by the alleged defect. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1381–82 (J.P.M.L. 2019) (centralizing consumer claims for economic damages with personal injury claims). Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary.

The Western District of Pennsylvania is an appropriate transferee district for this litigation. It appears from the parties' submissions and arguments that the recalled products were primarily manufactured by Philips RS North America LLC (formerly Philips Respironics) in Murrysville, Pennsylvania. Thus, many of witnesses and much of the documentary evidence relevant to this litigation likely will be located within the Western District of Pennsylvania. The district also presents a convenient and accessible venue for this litigation. We assign this MDL to the Honorable Joy Flowers Conti, an experienced transferee judge, who we are confident will steer this litigation on a prudent and expeditious course.

---

[4] The recalled devices include: E30 (Emergency Use Authorization); DreamStation ASV; DreamStation ST, AVAPS; SystemOne ASV4; C Series ASV; C Series S/T and AVAPS; OmniLab Advanced Plus: SystemOne (Q Series); DreamStation; DreamStation Go; Dorma 400; Dorma 500; REMStar SE Auto; Trilogy 100 Ventilator; Trilogy 200 Ventilator; Garbin Plus, Aeris, LifeVent Ventilator; A-Series BiPAP Hybrid A30; Philips A-Series BiPAP V30 Auto Ventilator; Philips A-Series BiPAP A40; and Philips A-Series BiPAP A30.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP,
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION**                                    MDL No. 3014

# SCHEDULE A

## District of Delaware

SHRACK v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−00989

## Middle District of Florida

EMMINO v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 8:21−01609

## Middle District of Georgia

HELLER v. KONINKELIJKE PHILIPS N.V. ET AL., C.A. No. 4:21−00111

## District of Massachusetts

MANNA v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11017
SHELTON v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11076
GRIFFIN v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11077
OLDIGS v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11078
SCHUCKIT v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11088
BOUDREAU, ET AL. v. PHILIPS NORTH AMERICA LLC, ET AL.,
        C.A. No. 1:21−11095

## Eastern District of Pennsylvania

STARNER v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 2:21−02925